Gibson v. Dynegy Midstream

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-242-CV

HATTIE LUCILLE GIBSON APPELLANT

V.

DYNEGY MIDSTREAM SERVICES, L.P. APPELLEE

------------

FROM THE COUNTY COURT OF YOUNG COUNTY

------------

OPINION

------------

Hattie Lucille Gibson appeals the trial court’s dismissal of her eviction suit for want of jurisdiction.  In two issues, she contends that this court has jurisdiction over her appeal despite the limitations of section 24.007 of the Texas Property Code and that the trial court improperly concluded that it lacked subject matter jurisdiction over her suit.  We will affirm.

In May 2003, Hattie sued Dynegy Midstream Services, L.P. in the justice court of Young County for forcible entry and detainer and forcible detainer, asserting her right to immediate possession of a two-acre tract of land in Young County (the Property).  In response, Dynegy filed a plea to the jurisdiction, asserting that the justice court lacked subject matter jurisdiction over Hattie’s claims because they were an attempt to have the court determine ownership or title to the Property.  The justice court dismissed Hattie’s suit, and she appealed that ruling to the county court.  After a hearing, the county court also dismissed Hattie’s suit for want of jurisdiction.  This appeal followed.  

The first issue we must decide is whether this court has jurisdiction over Hattie’s appeal.  Dynegy argues that we have no jurisdiction over the appeal because section 24.007 of the Texas Property Code precludes appeals from eviction proceedings involving property not being used for residential purposes, and neither the Texas Constitution nor another statute grants us jurisdiction over such an appeal.  
Hattie asserts that section 24.007 only limits appeals involving the issue of possession and that her appeal does not raise the issue of who is entitled to possession of the Property but, instead, whether the justice and county courts had subject matter jurisdiction over her claims. 

The Texas Constitution and Legislature have vested the courts of appeals with jurisdiction over civil appeals from final judgments of district and county courts in which the amount in controversy or the judgment exceeds $100.
(footnote: 1)  In eviction proceedings, this grant of appellate jurisdiction is limited by section 24.007, which provides, in pertinent part:  “A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only.”
(footnote: 2)  It is undisputed that the property in this case is used exclusively for commercial purposes.

Construing the language of section 24.007 in accordance with the plain and ordinary meaning of the terms used,
(footnote: 3) we hold that it is not intended to preclude appellate review of all issues arising from an eviction proceeding involving commercial property, but only to limit review over appeals raising the issue of possession.
(footnote: 4)  Because possession is not an issue in this appeal,
(footnote: 5) we hold that section 24.007 does not prevent Hattie from appealing the propriety of the justice and county courts’ orders dismissing her suit for want of subject matter jurisdiction and that we have appellate jurisdiction over such an appeal.
(footnote: 6)  Accordingly, we sustain Hattie’s first issue.

In her second issue, Hattie contends that the justice and county courts improperly dismissed her suit for want of subject matter jurisdiction because she pleaded a claim for forcible entry and detainer, or, alternatively, forcible detainer, on which the lower courts could have determined her right to immediate possession of the Property without also determining the issue of title.

Justice of the peace courts and, on appeal by trial de novo, county courts, have jurisdiction over forcible entry and detainer and forcible detainer suits.
(footnote: 7)  To prevail in a forcible entry and detainer or forcible detainer proceeding, the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession.
(footnote: 8)  The only issue that can be litigated in such suits is the right to actual possession; the right to title cannot be adjudicated.
(footnote: 9)  Justice courts may adjudicate possession when issues related to the title of real property are tangentially or collaterally related to possession.
(footnote: 10)  If, however, the question of title is so integrally linked to the issue of possession that the right to possession cannot be determined without first determining title, then the justice courts and, on appeal, the county courts, lack jurisdiction over the matter.
(footnote: 11)
 A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action.
(footnote: 12)  Whether the trial court had subject matter jurisdiction is a question of law that we review de novo.
(footnote: 13)  The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject matter jurisdiction.
(footnote: 14)  If a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the trial court’s jurisdiction to hear the case.
(footnote: 15)  Further, due to the special jurisdictional limitations imposed on justice courts, a plea to the jurisdiction in an eviction case may be based on an affirmative defense raised in the defendant’s pleadings that the trial court cannot resolve apart from determining title.  In such a case, we determine whether the defendant is correct in asserting, in light of the defensive pleading, that questions of title and possession are so integrally linked that the justice court lacks subject matter jurisdiction over the case.
(footnote: 16)
 In her forcible entry and detainer claim,
(footnote: 17) Hattie alleged that she was the owner of the Property, to which she was entitled to immediate possession.  She alleged that, in 1985, J.H. Taylor Gas Company had entered the Property without her knowledge or consent, pursuant to a written rental agreement with her son, Charles B. Gibson, who had no possessory interest in the Property.  Hattie, who was elderly and did not live near the Property, allegedly did not know about the rental agreement or authorize Charles to enter into it.

Under the rental agreement, the gas company constructed and installed a natural gas compression, dehydration, and storage facility on the Property, which Dynegy claimed to own as the gas company’s assignee or successor.  Hattie alleged that she first learned in 2001 that the natural gas facility had been constructed and was being maintained on the Property.  In June of that year, she sent Dynegy the written notice required by statute, demanding that Dynegy vacate the property.  Dynegy refused to surrender possession of the Property and continued in possession of it without Hattie’s permission.  

In her forcible detainer claim,
(footnote: 18) Hattie pleaded that, because there was no legally enforceable rental agreement between her and Dynegy, Dynegy occupied the Property as a tenant at sufferance.
(footnote: 19)  In the alternative, she pleaded that Dynegy was Charles’s tenant and that Charles had acquired possession of the Property by forcible entry without legal authority.  She alleged that, for either of these reasons, she, as owner of the Property, had a superior right to immediate possession of the Property.  

In its defensive pleadings, however, Dynegy asserted that it had acquired title to the Property by adverse possession.
(footnote: 20)  Dynegy alleged that it had entered the Property in 1985, erected a compressor and fence shortly thereafter, and openly, notoriously, and continuously occupied, and evidenced its intent to occupy, the Property to the exclusion of all persons.  Dynegy further alleged that, if Hattie was not Dynegy’s landlord, as stated in her pleadings, then the principles governing adverse possession claims by tenants against landlords did not apply.
(footnote: 21)  

Construing the pleadings in the light most favorable to Hattie,
(footnote: 22) we conclude that the questions of title and possession raised by Dynegy’s allegations of adverse possession are so integrally linked that the justice court could not have decided Hattie’s claims without deciding Dynegy’s title by adverse possession claim.
(footnote: 23)  Accordingly, we hold that the justice and county courts properly granted Dynegy’s plea to the jurisdiction.
(footnote: 24)  We overrule Hattie’s second issue and affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED: May 27, 2004

FOOTNOTES
1:
Tex. Const.
 art. V, § 6(a); 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.012 (Vernon 1997);
 Tex. Gov’t Code Ann.
 § 22.220(a) (Vernon 2004); 
Tex. Dep’t of Pub. Safety v. Barlow,
 48 S.W.3d 174, 176 (Tex. 2001).  The amount in controversy is not an issue in this appeal.

2:
Tex. Prop. Code Ann.
 § 24.007 (Vernon 2000); 
see also
 
Tex. Const.
 art. V, § 6(a) (providing that constitutional grant of intermediate appellate jurisdiction is restricted as prescribed by law).

3:
See
 
Tex. Gov’t Code Ann.
 § 312.002(a) (Vernon 1998); 
State ex rel. State Dep’t of Highways & Pub. Transp. v. Gonzalez,
 82 S.W.3d 322, 327 (Tex. 2002) (both providing that we determine legislative intent from the plain and common meaning of the words used).

4:
See Rice v. Pinney,
 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.) (holding same); 
see also A.V.A. Servs., Inc. v. Parts Indus. Corp.,
 949 S.W.2d 852, 852-53 (Tex. App.—Beaumont 1997, no writ) (concluding that section 24.007 did not preclude its review of challenge to trial court’s judgment ordering complete forfeiture of appeal bond); 
Acad. Corp. v. Sunwest N.O.P., Inc.,
 853 S.W.2d 833, 834 (Tex. App.—Houston [14
th
 Dist.] 1993, writ denied) (stating, in dicta, that section 24.007 would not have precluded appellate review of challenge to sufficiency of evidence to support attorney’s fee award).

5:
The cases on which Dynegy relies to support its position that we lack jurisdiction are inapposite because each involved the issue of possession. 
 See Falcon v. Ensignia,
 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.); 
Fandey v. Lee,
 880 S.W.2d 164, 167-68 (Tex. App.—El Paso 1994, writ denied) (op. on reh’g); 
W. Anderson Plaza v. Feyznia,
 876 S.W.2d 528, 536-37 (Tex. App.—Austin 1994, no writ) (op. on reh’g); 
Acad. Corp.,
 853 S.W.2d at 833-34.

6:
Dynegy’s assertion that appellate courts generally lack authority to review whether a trial court has properly concluded that it lacks subject matter jurisdiction over a case is waived due to inadequate briefing.  
See
 
Tex. R. App. P.
 38.1(h) (requiring appropriate citations to authorities); 
Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994) (citing long-standing rule that point may be waived due to inadequate briefing).  In the sole case Dynegy cites to support this contention, the appellate court reviewed the trial court’s subject matter jurisdiction on its own motion.  
See Dallas County Appraisal Dist. v. Funds Recovery, Inc.,
 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied).

7:
Tex. Prop. Code Ann.
 § 24.004 (Vernon 2000); 
Rice,
 51 S.W.3d at 708; 
Mitchell v. Armstrong Capital Corp.,
 911 S.W.2d 169, 171 (Tex. App.—Houston [1
st
 Dist.] 1995, writ denied).

8:
Dormady v. Dinero Land & Cattle Co., 
61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism’d w.o.j.) (op. on reh’g).

9:
Tex. R. Civ. P.
 746; 
Rice,
 51 S.W.3d at 708-09.

10:
Falcon,
 976 S.W.2d at 338.

11:
Dormady,
 61 S.W.3d at 557-58; 
Falcon,
 976 S.W.2d at 338; 
Mitchell,
 911 S.W.2d at 171.

12:
Tex. Dep't of Transp. v. Jones,
 8 S.W.3d 636, 638 (Tex. 1999).

13:
Tex. Natural Res. Conservation Comm'n v. IT-Davy,
 74 S.W.3d 849, 855 (Tex. 2002); 
Mogayzel v. Tex. Dep't of Transp.,
 66 S.W.3d 459, 463 (Tex. App.—Fort Worth 2001, pet. denied).

14:
Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
 852 S.W.2d 440, 446 (Tex. 1993).

15:
Tex. Dep’t of Parks & Wildlife v. Miranda,
 47 Tex. Sup. Ct. J. 386, 390, 2004 WL 726901, at *6 (Tex. Apr. 2, 2004); 
Tex. Ass’n of Bus.,
 852 S.W.2d at 446.

16:
See Mitchell,
 911 S.W.2d at 171 (holding that genuine issue regarding title existed, and trial court lacked subject matter jurisdiction, where defendant to forcible detainer action pleaded that deed under which plaintiff claimed title was void)
.

17:
A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand.  
Tex. Prop. Code Ann.
 § 24.001(a) (Vernon 2000).  A forcible entry includes an entry without the consent of the person in actual possession of the property.  
Id.
 § 24.001(b)(1).

18:
A person commits a forcible detainer if (1) among other things, the person is a tenant at sufferance or the tenant of a person who acquired possession by forcible entry and (2) refuses to surrender possession of the real property on demand.  
Id.
 § 24.002(a)(2)-(3).

19:
A tenant at sufferance is one who wrongfully continues in naked possession of property 
after his right to possession has ceased.
  
ICM Mortg. Corp. v. Jacob,
 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied); 
Goggins v. Leo,
 849 S.W.2d 373, 377 (Tex. App.—Houston [14
th
 Dist.] 1993, no writ); 
see also Bockelmann v. Marynick,
 788 S.W.2d 569, 571 (Tex. 1990) (stating that tenant who remains in possession of premises after lease termination occupies “wrongfully” and is tenant at sufferance).
  Hattie alleged that Dynegy never had any right to possess the Property because Charles lacked sufficient title to the Property to enter the lease in the first place.  Therefore, under Hattie’s pleadings 
Dynegy could not be a tenant at sufferance.

20:
Adverse possession is “an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person.”  
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.021(1) (Vernon 2002); 
see also King Ranch, Inc. v. Chapman,
 118 S.W.3d 742, 756 (Tex. 2003), 
cert. denied
, 124 S. Ct. 2097 (2004).  Hattie
’s complaint that the trial court should not have considered the adverse possession issue because it was only raised in Dynegy’s trial court brief, rather than in its plea to the jurisdiction, is waived because it was not raised below.  
See
 
Tex. R. App. P.
 33.1(a).

21:
See La. Pac. Corp. v. Holmes,
 94 S.W.3d 834, 839 (Tex. App.—San Antonio 2002, pet. denied) (holding that, once landlord-tenant relationship is established, possession by tenant will not be considered adverse to owner until (1) tenant repudiates relationship and asserts a claim of right adverse to owner and (2) notice of repudiation is given to owner).

22:
See County of Cameron v. Brown,
 80 S.W.3d 549, 555 (Tex. 2002); 
Tex. Ass’n of Bus.,
 852 S.W.2d at 446 (both holding that, when we consider a trial court’s order on a plea to the jurisdiction, we construe the pleadings in the plaintiff’s favor).

23:
See Mitchell,
 911 S.W.2d at 171 (holding that trial court lacked subject matter jurisdiction where defendant to forcible detainer action pleaded that deed under which plaintiff claimed title was void); 
Gentry v. Marburger,
 596 S.W.2d 201, 203 (Tex. Civ. App.—Houston [1
st
 Dist.] 1980, writ ref’d n.r.e.) (holding that title was in issue, and trial court lacked subject matter jurisdiction, where plaintiffs claimed right of possession under a will and by adverse possession).

24:
The cases on which 
Hattie relies do not support her contention that Dynegy also had to present evidence of adverse possession to raise a genuine issue of title.  Those cases involved situations in which there was an independent basis for determining the right to immediate possession apart from title, 
see Rice,
 51 S.W.3d at 710-11 (holding that trial court could decide right to immediate possession based on deed of trust under which defendants had become tenants at sufferance)
, or the defendant asserted the right to title based on a defensive theory that was invalid as a matter of law.
 
 See Falcon,
 976 S.W.2d at 338 (holding defendant in eviction proceeding failed to raise genuine title dispute by asserting title based on oral conveyance of real property).  
Conversely, in this case, determination of the right of possession issue depended directly upon who had title to the Property—Hattie or Dynegy.