NO. 07-04-0567-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 13, 2005


 ______________________________


 

BARRY J. MILLS, APPELLANT



V.



SHARON D. SUSTAITA, ET AL., APPELLEE


_________________________________



FROM THE COUNTY COURT OF WILBARGER COUNTY;



NO. 4390; HONORABLE GARY B. STREIT, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Barry J. Mills appeals the Wilbarger County Court's judgment dismissing his forcible
entry and detainer suit for want of jurisdiction. We affirm.

 Mills and appellees, Sharon and Gabriel Sustaita, own and occupy two properties
with an adjoining boundary. The two properties were separated by a fence. A boundary
dispute regarding the location of the fence arose between the parties in May of 2004. Mills
alleges, in his petition, that the Sustaitas removed the fence they claim encroached upon
their property and damaged improvements made to the disputed property. 

 Mills filed a complaint for forcible entry and detainer in the justice court of Wilbarger
County asserting his right to immediate possession of the disputed property. The Sustaitas
filed a plea to the jurisdiction asserting that the justice court lacked subject matter
jurisdiction over Mills's claim because it was an attempt to have the court determine title
to the property. The justice court dismissed Mills's suit and he appealed that ruling to the
county court. After a hearing, the county court also dismissed Mills's suit for want of
jurisdiction. From this dismissal, Mills appeals.

 Before we can address the merits of Mills's appeal, we must first determine whether
this court has jurisdiction over the appeal. See H.E. Butt Grocery Co. v. Bay, Inc., 808
S.W.2d 678, 679 (Tex.App.-Corpus Christi 1991, writ denied). Appellate court jurisdiction
over the merits of a case extends no further than that of the court from which the appeal
is taken. See Pearson v. State, 159 Tex. 66, 315 S.W.2d 935, 938 (1958). If the trial court
lacked jurisdiction, an appellate court only has jurisdiction to set any judgment aside and
dismiss the cause. See City of Garland v. Louton, 691 S.W.2d 603, 605 (Tex. 1985). 

 Justice courts have jurisdiction over forcible entry and detainer suits relating to
property located in the precinct of the justice court. See Tex. Prop. Code Ann. § 24.004
(Vernon 2000). However, justice courts and county courts on appeal are expressly denied
jurisdiction to adjudicate title to land. Tex. Gov't Code Ann. § 27.031(b)(4) (Vernon 2004);
Rice v. Pinney, 51 S.W.3d 705, 708-09 (Tex.App.-Dallas 2001, no pet.). The sole issue
in a forcible entry and detainer suit is the right to immediate possession of the property and
neither the justice court nor county court may determine title to the property. See Tex. R.
Civ. P. 746; Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex.App.-Houston
[1st Dist.] 1995, writ denied).

 To prevail in a forcible entry and detainer case, the plaintiff must present sufficient
evidence of ownership to demonstrate a superior right to immediate possession. See
Gibson v. Dynegy Midstream Servs., L.P., 138 S.W.3d 518, 522 (Tex.App.-Fort Worth
2004, no pet.); Rice, 51 S.W.3d at 709. Justice courts may adjudicate possession issues
when related to title of real property tangentially or collaterally. Gibson, 138 S.W.3d at 522. 
However, if the question of title is so integrally linked to the issue of possession that the
right to possession cannot be determined without first determining title, then the justice and
county courts lack jurisdiction over the matter. Id. In any event, if it becomes apparent that
a genuine fact issue regarding title exists, the courts do not have jurisdiction. Mitchell, 911
S.W.2d at 171. 

 In his pleading, Mills's only claim of ownership over the disputed property is that the
fence had enclosed the disputed property as a part of his property for a period in excess
of ten years. Review of the record makes clear that Mills's evidence of ownership over the
disputed property is based on a claim that he acquired title to the property by adverse
possession. See generally Tex. Civ. Prac. & Rem. Code Ann. § 16.021(1) (Vernon 2002);
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 756 (Tex. 2003). (1) Mills's claim that he has
a superior right to immediate possession of the disputed property based on acquisition of
title by adverse possession so integrally links issues of title and possession that the justice
court could not have decided the forcible entry and detainer suit without first deciding
whether Mills had obtained title. See Gibson, 138 S.W.3d at 523-24; Gentry v. Marburger,
596 S.W.2d 201, 203 (Tex.App-Houston [1st Dist.] 1980, writ ref'd n.r.e.).

 Accordingly, we conclude that the justice and county courts properly granted the
Sustaitas' plea to the jurisdiction. We affirm the judgment of the county court.


 Mackey K. Hancock

 Justice





1. Adverse possession is an actual and visible appropriation of real property,
commenced and continued under a claim of right that is inconsistent with and is hostile to
the claim of another person.