NO. 07-04-0567-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 13, 2005
_____

BARRY J. MILLS, APPELLANT

V.

SHARON D. SUSTAITA, ET AL., APPELLEE
_____

FROM THE COUNTY COURT OF WILBARGER COUNTY;

NO. 4390; HONORABLE GARY B. STREIT, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Barry J. Mills appeals the Wilbarger County Court's judgment dismissing his forcible entry and detainer suit for want of jurisdiction.  We affirm.

Mills and appellees, Sharon and Gabriel Sustaita, own and occupy two properties with an adjoining boundary.  The two properties were separated by a fence.  A boundary dispute regarding the location of the fence arose between the parties in May of 2004.  Mills alleges, in his petition, that the Sustaitas removed the fence they claim encroached upon their property and damaged improvements made to the disputed property.

Mills filed a complaint for forcible entry and detainer in the justice court of Wilbarger County asserting his right to immediate possession of the disputed property. The Sustaitas filed a plea to the jurisdiction asserting that the justice court lacked subject matter jurisdiction over Mills's claim because it was an attempt to have the court determine title to the property. The justice court dismissed Mills's suit and he appealed that ruling to the county court. After a hearing, the county court also dismissed Mills's suit for want of jurisdiction. From this dismissal, Mills appeals.

Before we can address the merits of Mills's appeal, we must first determine whether this court has jurisdiction over the appeal. See H.E. Butt Grocery Co. v. Bay, Inc., 808 S.W.2d 678, 679 (Tex.App.–Corpus Christi 1991, writ denied). Appellate court jurisdiction over the merits of a case extends no further than that of the court from which the appeal is taken. See Pearson v. State, 159 Tex. 66, 315 S.W.2d 935, 938 (1958). If the trial court lacked jurisdiction, an appellate court only has jurisdiction to set any judgment aside and dismiss the cause. See City of Garland v. Louton, 691 S.W.2d 603, 605 (Tex. 1985).

Justice courts have jurisdiction over forcible entry and detainer suits relating to property located in the precinct of the justice court. See TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). However, justice courts and county courts on appeal are expressly denied jurisdiction to adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (Vernon 2004); Rice v. Pinney, 51 S.W.3d 705, 708-09 (Tex.App.–Dallas 2001, no pet.). The sole issue in a forcible entry and detainer suit is the right to immediate possession of the property and neither the justice court nor county court may determine title to the property. See TEX. R.

CIV. P. 746; Mitchell v. Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex.App.–Houston [1st Dist.] 1995, writ denied).

To prevail in a forcible entry and detainer case, the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession. See Gibson v. Dynegy Midstream Servs., L.P., 138 S.W.3d 518, 522 (Tex.App.–Fort Worth 2004, no pet.); Rice, 51 S.W.3d at 709. Justice courts may adjudicate possession issues when related to title of real property tangentially or collaterally. Gibson, 138 S.W.3d at 522. However, if the question of title is so integrally linked to the issue of possession that the right to possession cannot be determined without first determining title, then the justice and county courts lack jurisdiction over the matter. Id. In any event, if it becomes apparent that a genuine fact issue regarding title exists, the courts do not have jurisdiction. Mitchell, 911 S.W.2d at 171.

In his pleading, Mills's only claim of ownership over the disputed property is that the fence had enclosed the disputed property as a part of his property for a period in excess of ten years. Review of the record makes clear that Mills's evidence of ownership over the disputed property is based on a claim that he acquired title to the property by adverse possession. See generally TEX. CIV. PRAC. & REM. CODE ANN. § 16.021(1) (Vernon 2002); King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 756 (Tex. 2003).[1] Mills's claim that he has a superior right to immediate possession of the disputed property based on acquisition of

---

[1]Adverse possession is an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person.

3

title by adverse possession so integrally links issues of title and possession that the justice court could not have decided the forcible entry and detainer suit without first deciding whether Mills had obtained title. See Gibson, 138 S.W.3d at 523-24; Gentry v. Marburger, 596 S.W.2d 201, 203 (Tex.App–Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Accordingly, we conclude that the justice and county courts properly granted the Sustaitas' plea to the jurisdiction. We affirm the judgment of the county court.


Mackey K. Hancock
Justice