NO. 12-09-00191-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

PLEDGED PROPERTY II, LLC,                 
§                    APPEAL FROM THE

APPELLANT            

 

V.                                                                    

                                                                         §                     COUNTY
COURT OF

BYRON REDDEN AND/OR ALL

OCCUPANTS OF 1123 SOUTH
BROAD

STREET, CHANDLER, TEXAS,

APPELLEES                                                              §                     HENDERSON
COUNTY, TEXAS  







            MEMORANDUM
OPINION

Pledged
Property II, LLC appeals the county court’s order denying its motion for
summary judgment, granting the plea to the jurisdiction filed by Byron Redden
and/or All Occupants of 1123 Broad Street, Chandler, Texas, and dismissing the
case for lack of subject matter jurisdiction.  On appeal, Pledged Property
presents two issues. We reverse and remand.

 

Background

Byron
Redden and his wife executed a deed of trust encumbering the property located
at 1123 South Broad Street, Chandler, Henderson County, Texas and naming Denise
Patrick as trustee.  The deed of trust provided that the lender, Corrigan
Developments, LLP, could appoint in writing a substitute trustee, who would
succeed to all rights and responsibilities of the trustee. The deed of trust
also provided that, if any of the property was sold, the grantors, Redden and
his wife, must immediately surrender possession to the purchaser.  Further, the
deed of trust stated that, if Redden failed to do so, he would become “a tenant
at sufferance of the purchaser, subject to an action for forcible detainer.” 
According to a substitute trustee’s deed, Redden defaulted on the note and, on
November 4, 2008, the property was sold to Pledged Property at a nonjudicial
foreclosure sale.  The substitute trustee named in the deed was Randy Daniel. 

Two
days after the sale, Pledged Property sent a written demand to Redden to vacate
the property, stating that it had acquired the property at a foreclosure sale. 
When Redden failed to comply, Pledged Property filed an original petition for
forcible detainer in the justice court, requesting a judgment of possession. 
After Redden filed a response, the justice court awarded Pledged Property
possession of the property, and Redden appealed to the county court. Pledged
Property filed a motion for summary judgment, stating that it had established a
prima facie case that it had a right to possession of the property.  In his
response, Redden stated that there was a fact issue about whether Daniel was
the substitute trustee for the property and had the authority to sell the
property.  Redden stated that if Daniel was not a proper trustee, the
foreclosure sale was void. Because he questioned the validity of the
foreclosure sale, Redden alleged that title, and not merely the right to possession,
was an issue in the case.  Further, Redden asserted a plea to the jurisdiction,
stating that the county court did not have jurisdiction because title issues
are within the exclusive jurisdiction of district courts.  The county court
denied Pledged Property’s motion for summary judgment, granted Redden’s plea to
the jurisdiction, and dismissed the case for lack of subject matter
jurisdiction.  The county court filed findings of fact and conclusions of law. This appeal followed.

 

Plea to the Jurisdiction 

In
its second issue, Pledged Property argues that the county court erred in
granting Redden’s plea to the jurisdiction.  Redden contends that the district
court had exclusive jurisdiction over this matter because title of the property
was at issue. 

Applicable
Law

A
plea to the jurisdiction challenges the trial court’s authority to determine
the subject matter of the action.  Gibson v. Dynegy Midstream Svcs., L.P.,
138 S.W.3d 518, 522 (Tex. App.—Fort Worth 2004, no pet.).  Whether the trial
court had subject matter jurisdiction is a question of law that we review de
novo.  Id.  Dismissing a cause of action for lack of jurisdiction
is proper only when it is impossible for the plaintiff’s petition to confer
jurisdiction on the trial court.  Harris County v. Cypress Forest Pub.
Util. Dist., 50 S.W.3d 551, 553 (Tex. App.—Houston [14th Dist.] 2001,
no pet.).

Jurisdiction
of forcible detainer actions is expressly given to the justice court of the
precinct where the property is located and, on appeal, to county courts for a
trial de novo.  See Tex. Prop.
Code Ann. § 24.004 (Vernon 2000); Tex.
R. Civ. P. 749; Rice v. Pinney, 51 S.W.3d 705, 708 (Tex.
App.—Dallas 2001, no pet.).  It is well established that the question of the
merits of a party’s title is beyond the scope of an action for forcible
detainer.  See Tex. R. Civ. P. 746;
Kaldis v. Aurora Loan Svcs., No. 01-09-00270-CV, 2010 WL 2545614, at
*3 (Tex. App.—Houston [1st Dist.] June 24, 2010, no pet. h.) (mem. op.) (citing
Scott v. Hewitt, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936)). 
In a forcible detainer action, the only issue is the right to actual possession
and the merits of the title cannot be adjudicated.  See Tex. R. Civ. P. 746; Rice,
51 S.W.3d at 709.  Accordingly, a party is not required to prove that it has
valid title to property in order to prevail in a forcible detainer action.  Kaldis,
2010 WL 2545614, at *3; Murphy v. Countrywide Home Loans, Inc.,
199 S.W.3d 441, 446 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); Villalon
v. Bank One, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004,
pet. denied). 

Rather,
a party seeking forcible detainer need only establish that it has a right to
possess the property superior to that of the tenant from whom possession is
being demanded.  Kaldis, 2010 WL 2545614, at *3; Villalon,
176 S.W.3d at 70.  This superior right of possession may be evidenced by a
substitute trustee’s deed following a foreclosure sale, and a party is entitled
to a forcible detainer based on that deed, even if the opposing party claims
that the foreclosure was improper and challenges the deed.  Kaldis,
2010 WL 2545614, at *3.  Thus, the sole issue in a forcible detainer suit is
who has the right to “immediate possession of the premises.”  Rice,
51 S.W.3d at 709. 

Analysis

In
this case, the county court concluded that title to the property was an issue
and that it was without jurisdiction to hear the matter and dismissed the
case.  In his brief, Redden states that there was no evidence to show that
Patrick was removed and Daniel was substituted as trustee. Thus, Redden
contends, there is no proof that Daniel had authority to sell the property at
the foreclosure sale and, therefore, title is at issue instead of the right to
possession. If so, Redden argues, neither the justice court nor the county
court has jurisdiction.  See Tex.
R. Civ. P. 746; Dormady v. Dinero Land & Cattle Co., L.C., 61
S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism’d w.o.j.).  We disagree.

Allegations
concerning the propriety of the foreclosure or challenges to Pledged Property’s
deed or title to the property could not be considered in the forcible detainer
action. See Murphy, 199 S.W.3d at 446.  If Redden wishes
to attack the sale made under the deed of trust as being invalid, he may bring
a suit in the district court for that purpose.  See Scott, 127
Tex. at 35, 90 S.W.2d at 818.  However, in a suit for forcible detainer, such
action is not permissible.  See id.  Thus, whether Daniel
was a proper trustee or whether the underlying foreclosure sale was void was
outside the scope of the forcible detainer action.  See Kaldis,
2010 WL 2545614, at *3; Murphy, 199 S.W.3d at 446; Villalon,
176 S.W.3d at 70. Because the county court was not required to determine the
issue of title in order to resolve the right to immediate possession of the
property, we conclude that the justice court had jurisdiction to adjudicate
Pledged Property’s forcible detainer cause of action and that the county court
had jurisdiction to conduct a trial de novo.  See Rice, 51 S.W.3d
at 713. Therefore, the county court erred in granting Redden’s plea to the
jurisdiction and dismissing this case.  Accordingly, Pledged Property’s second
issue is sustained.

 

Motion for Summary Judgment

            In
its first issue, Pledged Property contends that the county court erred in
denying its motion for summary judgment.  The trial court denied the motion in
light of its decision that it lacked jurisdiction of Redden’s appeal from the
justice court’s judgment in the forcible detainer action.  The denial of a motion
for summary judgment is generally not reviewable on appeal.  See Tex.
Mun. Power Agency v. Public Util. Comm’n, 253 S.W.3d 184, 192 (Tex.
2007).  But we have held that the trial court did not lack jurisdiction, and
therefore must remand the case.  Consequently, even if the denial of Pledged
Property’s summary judgment motion were appealable, the issue is not necessary
to our disposition.  Therefore, we would not address it.  See Wagner
v. D’Lorm, ____ S.W.3d ____, 2010 WL 2218644, at *6 (Tex. App.–Austin
June 2, 2010, no pet.); see also Tex.
R. App. P. 47.1.

 

Disposition

            Having
sustained Pledged Property’s second issue, we reverse the county
court’s order granting Redden’s plea to the jurisdiction and dismissing this
case.  Accordingly, we remand the case to the county court for
further proceedings.

 

 

                                                                                    Sam Griffith

                                                                                         
  Justice      

 

 

 

 

Opinion delivered August 25,
2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)