# NO. 12-09-00191-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PLEDGED PROPERTY II, LLC, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | | |
| | § | *COUNTY COURT OF* |
| *BYRON REDDEN AND/OR ALL OCCUPANTS OF 1123 SOUTH BROAD STREET, CHANDLER, TEXAS, APPELLEES* | | |
| | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Pledged Property II, LLC appeals the county court's order denying its motion for summary judgment, granting the plea to the jurisdiction filed by Byron Redden and/or All Occupants of 1123 Broad Street, Chandler, Texas, and dismissing the case for lack of subject matter jurisdiction. On appeal, Pledged Property presents two issues. We reverse and remand.

### BACKGROUND

Byron Redden and his wife executed a deed of trust encumbering the property located at 1123 South Broad Street, Chandler, Henderson County, Texas and naming Denise Patrick as trustee. The deed of trust provided that the lender, Corrigan Developments, LLP, could appoint in writing a substitute trustee, who would succeed to all rights and responsibilities of the trustee. The deed of trust also provided that, if any of the property was sold, the grantors, Redden and his wife, must immediately surrender possession to the purchaser. Further, the deed of trust stated that, if Redden failed to do so, he would become "a tenant at sufferance of the purchaser, subject to an action for forcible detainer." According to a substitute trustee's deed, Redden defaulted on the note and, on November 4, 2008, the property was sold to Pledged Property at a nonjudicial foreclosure sale. The substitute trustee named in the deed was Randy Daniel.

Two days after the sale, Pledged Property sent a written demand to Redden to vacate the property, stating that it had acquired the property at a foreclosure sale. When Redden failed to comply, Pledged Property filed an original petition for forcible detainer in the justice court, requesting a judgment of possession. After Redden filed a response, the justice court awarded Pledged Property possession of the property, and Redden appealed to the county court. Pledged Property filed a motion for summary judgment, stating that it had established a prima facie case that it had a right to possession of the property. In his response, Redden stated that there was a fact issue about whether Daniel was the substitute trustee for the property and had the authority to sell the property. Redden stated that if Daniel was not a proper trustee, the foreclosure sale was void. Because he questioned the validity of the foreclosure sale, Redden alleged that title, and not merely the right to possession, was an issue in the case. Further, Redden asserted a plea to the jurisdiction, stating that the county court did not have jurisdiction because title issues are within the exclusive jurisdiction of district courts. The county court denied Pledged Property's motion for summary judgment, granted Redden's plea to the jurisdiction, and dismissed the case for lack of subject matter jurisdiction. The county court filed findings of fact and conclusions of law. This appeal followed.

## PLEA TO THE JURISDICTION

In its second issue, Pledged Property argues that the county court erred in granting Redden's plea to the jurisdiction. Redden contends that the district court had exclusive jurisdiction over this matter because title of the property was at issue.

### Applicable Law

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Gibson v. Dynegy Midstream Svcs., L.P.*, 138 S.W.3d 518, 522 (Tex. App.—Fort Worth 2004, no pet.). Whether the trial court had subject matter jurisdiction is a question of law that we review de novo. *Id.* Dismissing a cause of action for lack of jurisdiction is proper only when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Harris County v. Cypress Forest Pub. Util. Dist.*, 50 S.W.3d 551, 553 (Tex. App.— Houston [14th Dist.] 2001, no pet.).

Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See*

TEX. PROP. CODE ANN. § 24.004 (Vernon 2000); TEX. R. CIV. P. 749; ***Rice v. Pinney***, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). It is well established that the question of the merits of a party's title is beyond the scope of an action for forcible detainer. *See* TEX. R. CIV. P. 746; ***Kaldis v. Aurora Loan Svcs.***, No. 01-09-00270-CV, 2010 WL 2545614, at *3 (Tex. App.—Houston [1st Dist.] June 24, 2010, no pet. h.) (mem. op.) (citing ***Scott v. Hewitt***, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936)). In a forcible detainer action, the only issue is the right to actual possession and the merits of the title cannot be adjudicated. *See* TEX. R. CIV. P. 746; ***Rice***, 51 S.W.3d at 709. Accordingly, a party is not required to prove that it has valid title to property in order to prevail in a forcible detainer action. ***Kaldis***, 2010 WL 2545614, at *3; ***Murphy v. Countrywide Home Loans, Inc.***, 199 S.W.3d 441, 446 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); ***Villalon v. Bank One***, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

Rather, a party seeking forcible detainer need only establish that it has a right to possess the property superior to that of the tenant from whom possession is being demanded. ***Kaldis***, 2010 WL 2545614, at *3; ***Villalon***, 176 S.W.3d at 70. This superior right of possession may be evidenced by a substitute trustee's deed following a foreclosure sale, and a party is entitled to a forcible detainer based on that deed, even if the opposing party claims that the foreclosure was improper and challenges the deed. ***Kaldis***, 2010 WL 2545614, at *3. Thus, the sole issue in a forcible detainer suit is who has the right to "*immediate* possession of the premises." ***Rice***, 51 S.W.3d at 709.

## Analysis

In this case, the county court concluded that title to the property was an issue and that it was without jurisdiction to hear the matter and dismissed the case. In his brief, Redden states that there was no evidence to show that Patrick was removed and Daniel was substituted as trustee. Thus, Redden contends, there is no proof that Daniel had authority to sell the property at the foreclosure sale and, therefore, title is at issue instead of the right to possession. If so, Redden argues, neither the justice court nor the county court has jurisdiction. *See* TEX. R. CIV. P. 746; ***Dormady v. Dinero Land & Cattle Co., L.C.,*** 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). We disagree.

Allegations concerning the propriety of the foreclosure or challenges to Pledged Property's deed or title to the property could not be considered in the forcible detainer action.

*See Murphy*, 199 S.W.3d at 446. If Redden wishes to attack the sale made under the deed of trust as being invalid, he may bring a suit in the district court for that purpose. *See Scott*, 127 Tex. at 35, 90 S.W.2d at 818. However, in a suit for forcible detainer, such action is not permissible. *See id.* Thus, whether Daniel was a proper trustee or whether the underlying foreclosure sale was void was outside the scope of the forcible detainer action. *See Kaldis*, 2010 WL 2545614, at \*3; *Murphy*, 199 S.W.3d at 446; *Villalon*, 176 S.W.3d at 70. Because the county court was not required to determine the issue of title in order to resolve the right to immediate possession of the property, we conclude that the justice court had jurisdiction to adjudicate Pledged Property's forcible detainer cause of action and that the county court had jurisdiction to conduct a trial de novo. *See Rice*, 51 S.W.3d at 713. Therefore, the county court erred in granting Redden's plea to the jurisdiction and dismissing this case. Accordingly, Pledged Property's second issue is sustained.

## MOTION FOR SUMMARY JUDGMENT

In its first issue, Pledged Property contends that the county court erred in denying its motion for summary judgment. The trial court denied the motion in light of its decision that it lacked jurisdiction of Redden's appeal from the justice court's judgment in the forcible detainer action. The denial of a motion for summary judgment is generally not reviewable on appeal. *See Tex. Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). But we have held that the trial court did not lack jurisdiction, and therefore must remand the case. Consequently, even if the denial of Pledged Property's summary judgment motion were appealable, the issue is not necessary to our disposition. Therefore, we would not address it. *See Wagner v. D'Lorm*, ____ S.W.3d ____, 2010 WL 2218644, at \*6 (Tex. App.–Austin June 2, 2010, no pet.); *see also* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained Pledged Property's second issue, we *reverse* the county court's order granting Redden's plea to the jurisdiction and dismissing this case. Accordingly, we *remand* the case to the county court for further proceedings.

4

**SAM GRIFFITH**
Justice

Opinion delivered August 25, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)