**Affirmed and Memorandum Opinion filed August 27, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00520-CV

---

## WILEY R. HARRIS, III AND TORI S. HARRIS, Appellants

## V.

## JORRIT VAN DER TOGT AND ANDREA VAN DER TOGT, Appellees

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1199010**

---

## MEMORANDUM OPINION

Wiley R. Harris, III and Tori S. Harris appeal from a final judgment in a forcible detainer action favoring Jorrit and Andrea Van der Togt. The Van der Togts sued the Harrises seeking possession of certain property, past due rent, and attorney's fees. The Harrises counterclaimed for breach of a mediated settlement agreement (MSA). After a bench trial, the trial court entered a final judgment awarding possession, back rent, and attorney's fees to the Van der Togts. In a single issue on appeal, the Harrises assert that the trial court lacked subject matter

jurisdiction to enter judgment awarding possession to the Van der Togts because issues concerning the MSA placed title at issue. The Harrises have not arranged for a reporter's record to be prepared and filed in this appeal. Concluding that the record before us does not indicate that title was at issue in the proceedings below, we affirm.

## *Background*

Proceedings in this case began when the Van der Togts filed a petition for forcible entry and detainer in justice court. The Harrises answered, and after a jury trial, the justice court entered judgment favoring the Van der Togts. The Harrises then filed an appeal de novo in the county civil court at law.

In their live petition at the time of trial, the Van der Togts asserted that they owned the property in question and had leased it to the Harrises but the written lease agreement had terminated and the Van der Togts had provided the Harrises with notice that the lease would not be renewed or extended. The Van der Togts further alleged that the parties subsequently entered into an MSA, under which the Harrises were to pay past due rent and vacate the premises by a certain date but the Harrises had failed to do either. As indicated above, the Van der Togts sought a writ of possession based on both the ending of the lease term and the MSA as well as a judgment for outstanding rent and attorney's fees.

In their live answer, the Harrises asserted a general denial in addition to several allegations that they labelled as affirmative defenses, including (1) the Van der Togts first materially breached the MSA causing the Harrises to incur damages, (2) the Van der Togts reinstated the tenancy by accepting certain rental payments, and (3) the premises had been rendered uninhabitable by the presence of mold and construction work. In their prayer, the Harrises requested that the Van der Togts take nothing on their claims and that the Harrises be allowed to maintain

2

possession.

The Harrises additionally stated a counterclaim in the same pleading. In the counterclaim, they asserted the MSA was a valid contract and that they had tendered performance but the Van der Togts had breached by failing to disclose other litigation involving the property that made it impossible for the Harrises to perform under the contract. As for relief, the Harrises sought "damages to be proved at trial."

The Van der Togts also filed a plea to the jurisdiction in the county court, asserting that the Harrises' counterclaim was impermissible under Texas Rule of Civil Procedure 510.3(e), which states in relevant part: "Counterclaims . . . are not permitted in eviction cases." In their response, the Harrises urged that the trial court did have subject matter jurisdiction over the counterclaim because breach of the MSA was already at issue in the case as the Van der Togts relied on it as one of the alleged bases for eviction.

The case proceeded to a bench trial before the county court. As mentioned above, the Harrises have not provided a reporter's record of the trial or other in-court proceedings. The record does not reflect that the plea to the jurisdiction was ever brought to the trial court's attention or that the trial court made any express ruling on the plea, and appellants assert that the court, indeed, never ruled on the plea. After the trial, the court entered a final judgment awarding the Van der Togts possession, damages for unpaid rent, and attorney's fees. Although the final judgment does not explicitly reference the Harrises' counterclaim, it does state that all requested relief not granted in the judgment is denied. As stated, the Harrises assert in their sole issue that the trial court lacked subject matter jurisdiction because the issues of possession were intertwined with issues of title.

*Discussion*

3

A forcible detainer action is a procedure used to determine the right to immediate possession of real property if there is no unlawful entry. *Fed. Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230, 233 (Tex. App.—Houston [14th Dist.] 2014, no pet.). It is designed to be a speedy, simple, and inexpensive means to obtain immediate possession. *Id*. at 235. The only issue in an action for forcible detainer is the right to actual possession; the merits of title are not adjudicated. *Id*. at 233. Thus, a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the property. *Id*. at 235. Indeed, justice courts do not have jurisdiction to adjudicate title to land and neither does a county court exercising appellate jurisdiction in a forcible detainer action. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

When there are issues concerning both title and possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction. *Id*. at 436. However, when a forcible detainer action presents a genuine issue of title so intertwined with the issue of possession that a trial court would be required to determine title before awarding possession, then a justice court lacks jurisdiction to resolve the matter. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "Accordingly, a justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession." *Salaymeh*, 264 S.W.3d at 435.

In their brief, the Harrises challenge subject matter jurisdiction for the first time. *See generally Clint I.S.D. v. Marquez*, 487 S.W.3d 538, 558 (Tex. 2016) ("[P]arties may raise challenges to subject-matter jurisdiction for the first time on

4

appeal."). When reviewing subject-matter jurisdiction for the first time on appeal, an appellate court construes the pleadings in favor of the party asserting jurisdiction, and if necessary, reviews the entire record to determine if any evidence supports jurisdiction. *See Tex. Educ. Agency v. Am. YouthWorks, Inc.*, 496 S.W.3d 244, 257 (Tex. App.—Austin 2016) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)), *aff'd sub nom., Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54 (Tex. 2018)); *Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 791 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (same).

Specifically, the Harrises assert that both the Van der Togt's pleadings and the Harrises' own pleadings in this case raised issues of title that are intertwined with the issue of possession. *See Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 279 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("[D]ue to the special jurisdictional limitations imposed on justice courts, a plea to the jurisdiction in an eviction case may be based on an affirmative defense raised in the defendant's pleadings that the trial court cannot resolve apart from determining title.") (quoting *Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 522, 524 (Tex. App.—Fort Worth 2004, no pet.)). The Harrises note that the MSA included terms for a sale of the property from the Van der Togts to the Harrises. On that basis, the Harrises argue both that they could bring a breach of contract action seeking specific performance of the MSA on the terms of sale and that the trial court necessarily had to determine issues of title under the MSA in order to determine who was entitled to possession, citing *DiGiuseppe v. Lawler*, 269 S.W.3d 588 (Tex. 2008), and other cases involving a contractual right to purchase real property. The Harrises insist that because the MSA was at issue, title was also at issue.

The Harrises' arguments, however, ignore the facts that (1) nothing in the pleadings actually raised the issue of title and (2) the Harrises did not provide a record of any in-court proceedings. Regardless of whether the MSA contained provisions for sale of the property, neither sides' pleadings put title at issue in the case. As set out above, the pleadings reveal no dispute regarding who owned the property. In their live petition, the Van der Togts asserted ownership and sought possession, back rent, and attorney's fees. In their live answer, the Harrises asserted that the Van der Togts had breached the MSA thereby causing damages and had reinstated the tenancy by accepting rental payments, and the Harrises further argued that the premises had been rendered uninhabitable, apparently excusing their failure to pay rent. In their prayer, the Harrises requested that they be allowed to maintain possession of the premises and that the Van der Togts take nothing on their claims. In their counter-claim, the Harrises asserted the Van der Togts breached the MSA and the Harrises sought damages for such breach. At no point in their live pleadings did the Harrises seek title, request specific performance of the MSA sale provisions, or otherwise suggest that the Van der Togts did not own title to the property. Similarly, neither the Van der Togts' plea to the jurisdiction nor the Harrises' response put title at issue. In short, nothing in the pleadings indicates that resolution of a title dispute was a prerequisite to determination of the right to immediate possession in this case. *See Salaymeh*, 264 S.W.3d at 435.

Moreover, in the absence of a reporter's record, it cannot be determined in this appeal whether any issues relating to title—or even, for that matter, the MSA—were raised or considered at trial. *Cf. In re D.S.*, 602 S.W.3d 504, 510 (Tex. 2020) (presuming in absence of reporter's record that the evidence was sufficient to support trial court's jurisdictional findings); *Mason v. Harper*, No. 01-

6

11-00384-CV, 2013 WL 1136562, at *2 (Tex. App.—Houston [1st Dist.] Mar. 19, 2013, no pet.) (same); *see also Dejean v. Spates*, No. 14-22-00908-CV, 2024 WL 1668018, at *2 (Tex. App.—Houston [14th Dist.] Apr. 18, 2024, no pet.) (mem. op.) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal.") (quoting *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)).

Concluding that the record before us does not indicate that title was put at issue in the proceedings below, we overrule the Harrises' sole issue.[1]

We affirm the trial court's judgment.

/s/    Frances Bourliot
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

---

[1] The Harrises additionally complain in their brief that the trial court did not permit them at trial to present their affirmative defenses regarding breach of the MSA or present evidence supporting their counterclaim, but they have not raised either of these complaints as issues in this appeal, and, even if they had done so, they failed to provide a record on which we could assess such complaints. Accordingly, we make no ruling in regards to these complaints. *See Brumley v. McDuff*, 616 S.W.3d 826, 830 (Tex. 2021) ("With the exception of fundamental errors, a court of appeals must not reverse a trial court's judgment in the absence of properly assigned error."); *Christiansen*, 782 S.W.2d at 843.