COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| ALEJANDRO HERNANDEZ AND EDITH ROMAN, | § | |
| | § | No. 08-12-00178-CV |
| Appellants, | | |
| | § | Appeal from the |
| v. | | |
| | § | 243rd District Court |
| ENRIQUE GALLARDO, | | |
| | § | of El Paso County, Texas |
| Appellee. | | |
| | § | (TC# 2008-4822) |

## **O P I N I O N**

The Opinion and Judgment dated October 15, 2014, are hereby withdrawn and the following Opinion and Judgment are substituted in their place. Alejandro Hernandez and Edith Roman, *pro se*, appeal from a summary judgment entered in favor of Enrique Gallardo. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

Edith Roman owned a home in El Paso, Texas, but the lender foreclosed on the property in 2005.[1] Enrique Gallardo bought the property at a foreclosure sale. In the pleadings, Roman asserts that she had an agreement with Gallardo that she could continue to reside in the home as a tenant and she could buy back the home when her financial condition improved. Alejandro

---

[1] The factual summary is derived from the pleadings and the summary judgment evidence submitted by Tenants.

Hernandez moved into the home with Roman in 2006. The home suffered damage in August of 2006 due to historic flooding in the El Paso area and a dispute arose between Roman and Gallardo over the necessity for repairs.

In 2008, Roman and Gallardo entered into a written lease agreement covering the period from July 1, 2008 through September 30, 2008. Roman is the lessee and Hernandez is not listed on the lease as an authorized occupant of the premises. Paragraph 6 of the lease provides that rent in the amount of $800 was due and payable on or before the first day of every month. Hernandez stated in his summary judgment affidavit that he paid the rent for August 2008, but Roman admitted they did not pay the rent due on September 1, 2008 due to the dispute over the repairs. Gallardo gave Roman written notice on September 9, 2008 that the lease would expire on September 30, 2008 and he had decided not to renew the lease. He also asked her to pay the rent due under the lease. Two days later, Gallardo gave Roman written notice to vacate the premises by October 11, 2008 due to non-payment of the rent.

Gallardo subsequently initiated an eviction proceeding and Roman and Hernandez (collectively Tenants) were evicted in January of 2009. Tenants filed suit alleging breach of contract, promissory estoppel, and retaliatory eviction. Gallardo filed a motion for no evidence summary judgment with respect to each of these claims. The trial court initially denied the summary judgment motion as to Roman and made no ruling with respect to Hernandez. Gallardo filed a motion for rehearing and the trial court subsequently granted the motion for rehearing and entered a summary judgment in Gallardo's favor as to all of the claims asserted by Tenants.

**NO EVIDENCE SUMMARY JUDGMENT**

In their sole issue, Tenants contend that the trial court erred by granting summary

judgment on their claims.

*Collateral Estoppel*

Tenants' first argument is directed at the trial court's decision to grant Gallardo's motion for rehearing. They argue that the trial court erred because the doctrine of collateral estoppel prevents Gallardo from relitigating the fact issues determined by the trial court's first ruling. The Honorable Sue Kurita, Judge of County Court at Law No. 6, initially denied Gallardo's motion for summary judgment. Following the case's transfer to the 243rd District Court of El Paso County, Texas, Gallardo filed a motion for rehearing. The Honorable Bill Hicks, Judge of the 243rd District Court, granted Gallardo's motion for rehearing and granted summary judgment in his favor.

Collateral estoppel applies when an issue decided in the first action is actually litigated, essential to the prior judgment, and identical to an issue in a pending action. *Texas Department of Public Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001). The doctrine is designed to promote judicial efficiency and to prevent inconsistent judgments by preventing any relitigation of an ultimate issue of fact. *Id.* The doctrine of collateral estoppel does not apply to the trial court's interlocutory denial of Gallardo's motion for summary judgment because it was not a final judgment. A trial court has discretion to reconsider its interlocutory rulings and to set those orders aside any time before a final judgment is entered. *Fruehauf Corporation v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993). Tenants have failed to show that the trial court abused its discretion.

*Standard of Review*

Gallardo moved for summary judgment under TEX.R.CIV.P. 166a(i). A no-evidence motion for summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51

(Tex. 2003); *Wade Oil & Gas, Inc. v. Telesis Operating Co., Inc*., 417 S.W.3d 531, 540 (Tex.App.--El Paso 2013, no pet.). We view the evidence in the light most favorable to the non-movant, and we must disregard all contrary evidence and inferences. *King Ranch*, 118 S.W.3d at 751; *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). A genuine issue of material fact is raised if the non-movant produces more than a scintilla of evidence regarding the challenged element. *Wade Oil and Gas*, 417 S.W.3d at 540. A trial court should grant a no-evidence motion when: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *King Ranch*, 118 S.W.3d at 751. More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *King Ranch*, 118 S.W.3d at 751, *quoting Merrell Dow Pharmaceuticals*, 953 S.W.2d at 711. By contrast, less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch*, 118 S.W.3d at 751, *quoting Kindred v. Con/Chem, Inc*., 650 S.W.2d 61, 63 (Tex. 1983).

*The Summary Judgment Evidence*

Gallardo argues in his brief that some of the evidence submitted by Tenants is incompetent. This includes the Tenants' affidavits, two letters from Roman to Gallardo, and a city inspector's report/complaint. Gallardo raised hearsay objections in the trial court to the city inspector's report/complaint and to Roman's letters, but he did not obtain a ruling on these objections. A hearsay objection is a defect of form which must be preserved by obtaining an adverse ruling in the trial court. *See Grand Prairie Independent School District v. Vaughan*, 792

S.W.2d 944, 945 (Tex. 1990); *Vice v. Kasprzak*, 318 S.W.3d 1, 11 (Tex.App.--Houston [1st Dist.] 2009, pet. denied). The trial court's order granting summary judgment in Gallardo's favor is not an implicit ruling sustaining the hearsay objection. *See Trinh v. Campero*, 372 S.W.3d 741, 744-45 (Tex.App.--El Paso 2012, no pet.); *Delfino v. Perry Homes*, 223 S.W.3d 32, 35 (Tex.App.--Houston [1st Dist.] 2006, no pet.). Consequently, Gallardo's hearsay objections are waived.

Gallardo also objected to the city inspector's report attached to the responses of both Tenants and to Roman's letters attached to her response as being unauthenticated. Although Gallardo did not obtain a ruling from the trial court on these objections, unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as summary judgment evidence. *Mackey v. Great Lakes Investments, Inc*., 255 S.W.3d 243, 252 (Tex.App.--San Antonio 2008, pet. denied); *see* TEX.R.CIV.P. 166a(f). A complete absence of authentication is a defect of substance which may be raised for the first time on appeal. *See Blanche v. First Nationwide Mortgage Corporation*, 74 S.W.3d 444, 451 (Tex.App.--Dallas 2002, no pet.). Tenants did not attempt to authenticate the city inspector's report or Roman's letters. Consequently, these documents are not competent summary judgment evidence and will not be considered in our review.

Gallardo objected to the initial affidavits of Tenants on the grounds they were not based on personal knowledge and are conclusory. Neither of those affidavits included any factual statements. Instead, each affidavit simply stated that the affiant had read the factual allegations contained in the original petition and the affiant's summary judgment response and swore that the factual statements are true and correct to the best of his or her knowledge. In response to Gallardo's objections to their affidavits, Tenants filed lengthy amended affidavits which set forth

their factual assertions in detail.  Gallardo did not raise any objections to these affidavits.  Accordingly, we will consider the amended affidavits.

*Breach of Contract*

Tenants alleged in their first amended petition that Gallardo breached "a written and oral residential lease agreement" by failing to perform certain repairs as required by Chapter 92 of the Texas Property Code, by failing to install operable security devices, by improperly terminating the lease, and by committing retaliatory eviction.  The four elements of a breach of contract claim are:  (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach.  *Velvet Snout, LLC v. Sharp*, --- S.W.3d ----, No. 08-12-00202-CV, 2014 WL 636734, *2 (Tex.App.--El Paso 2014, no pet.); *McCulley Fine Arts Gallery, Inc. v. "X" Partners*, 860 S.W.2d 473, 477 (Tex.App.--El Paso 1993, no writ).  Gallardo challenged each of these elements in his motion for no evidence summary judgment.

*Failure to Make Repairs*

Tenants alleged that Gallardo breached the lease agreement by failing to fix a mold problem in the home and by failing to make other repairs as required by Section 92.052 of the Texas Property Code.  Section 92.052(a) provides, in pertinent part, that:

A landlord shall make a diligent effort to repair or remedy a condition if:

(1) the tenant specifies the condition in a notice to the person to whom or to the place where rent is normally paid;

(2) the tenant is not delinquent in the payment of rent at the time notice is given; and

(3) the condition:

(A) materially affects the physical health or safety of an ordinary tenant.

(B) arises from the landlords failure to provide and maintain in good operating condition a device to supply hot water of a minimum temperature of 120 degrees Fahrenheit.

TEX.PROP.CODE ANN. § 92.052(a)(West Supp. 2014).

Tenants failed to present any competent summary judgment evidence that they specified the conditions at issue in a notice to Gallardo, that they were not delinquent in the payment of rent at the time they gave the notice, or that the condition materially affected their physical safety or health. Consequently, the trial court did not err by granting Gallardo's motion for summary judgment on this breach of contract claim.

*Failure to Install Security Devices*

Tenants next alleged that Gallardo breached the lease agreement by failing to install operable security devices as required by Sections 92.153 and 92.158 of the Texas Property Code. The lease executed in 2008 provides: "You will be provided _____ dwelling key(s), _____ mailbox key(s), and _____ other key(s) for _____." Section 92.153 of the Texas Property Code requires a landlord to equip a dwelling with certain security devices, including a doorknob lock or keyed dead bolt on each exterior door, without the necessity of a tenant request. TEX.PROP.CODE ANN. § 92.153 (West 2007). Section 92.158 provides that a landlord shall repair or replace a security device on request or notification by the tenant that the security device is inoperable or in need of repair or replacement. TEX.PROP.CODE ANN. § 92.158 (West 2007). Section 192.164 provides four remedies for a landlord's noncompliance with Section 92.153. *See* TEX.PROP.CODE ANN. § 92.164(a)(1)-(4)(West 2007)(permitting tenant to install or rekey the security device and deduct the reasonable cost from the tenant's next rent payment, to unilaterally terminate the lease without court proceedings, to file suit and obtain a judgment for a court order directing landlord to comply if the tenant is in possession of the dwelling plus

damages, court costs, and attorney's fees except in specified circumstances).

Tenants did not pursue the remedies specified in Section 192.164(a)(1) or (a)(2). They instead filed suit alleging Gallardo breached the contract by failing to change the locks and provide Roman with a key. Roman stated in her affidavit that when she signed the first lease in January of 2006 she told Gallardo that she did not have a key to the door lock and he responded that he would change the locks and provide her with a key. Roman's affidavit is not entirely clear on this point but we understand her to say that Gallardo did not change the door locks or provide her with a key. But Tenants did not present evidence that they suffered any damages as a result of Gallardo's alleged failure to change the locks. Thus, the trial court properly granted Gallardo's motion for summary judgment on this breach of contract claim.

*Improper Termination of the Lease*

Tenants alleged that Gallardo breached the lease by improperly terminating it. As noted above, the lease term is from July 1, 2008 through September 30, 2008. The lease provides that rent in the amount of $800 per month was due and payable on or before the first day of each month with no grace period. Roman did not pay the rent due on September 1, 2008. Gallardo gave Roman written notice on September 9, 2008 that the lease would expire on September 30, 2008 and he had decided not to renew the lease. He also asked her to pay the rent due under the lease. Two days later, Gallardo gave Roman written notice to vacate the premises by October 11, 2008 due to non-payment of the rent. Thus, the summary judgment evidence presented by Tenants shows that the lease terminated by its own terms on September 30, 2008 and Gallardo informed Roman that he had decided not to renew the lease. Tenants did not present any evidence showing that Gallardo's termination of the lease breached any of the lease provisions. The trial court did not err by granting summary judgment in Gallardo's favor on this

breach of contract claim.

*Retaliatory Eviction*

Tenants also alleged that Gallardo breached the contract by retaliating against them in violation of Section 92.331 of the Texas Property Code. They also stated a claim for retaliation independent of the breach of contract claim. Section 92.331, which is titled "Retaliation by Landlord:"

> (a) A landlord may not retaliate against a tenant by taking an action described by Subsection (b) because the tenant:
>
>> (1) in good faith exercises or attempts to exercise against a landlord a right or remedy granted to the tenant by lease, municipal ordinance, or federal or state statute;
>>
>> (2) gives a landlord a notice to repair or exercise a remedy under this chapter;
>>
>> (3) complains to a governmental entity responsible for enforcing building or housing codes, a public utility, or a civic or nonprofit agency, and the tenant:
>>
>>> (A) claims a building or housing code violation or utility problem; and
>>> (B) believes in good faith that the complaint is valid and that the violation or problem occurred; or
>>
>> (4) establishes, attempts to establish, or participates in a tenant organization.
>
> (b) A landlord may not, within six months after the date of the tenant's action under Subsection (a), retaliate against the tenant by:
>
>> (1) filing an eviction proceeding, except for the grounds stated by Section 92.332;
>> (2) depriving the tenant of the use of the premises, except for reasons authorized by law;
>> (3) decreasing services to the tenant;
>> (4) increasing the tenant's rent or terminating the tenant's lease; or
>> (5) engaging, in bad faith, in a course of conduct that materially interferes with the tenant's rights under the tenant's lease.

TEX. PROP. CODE ANN. § 92.331 (West Supp. 2014).

Under Section 92.332(b), an eviction or lease termination does not constitute retaliation

where the tenant is delinquent in rent when the landlord gives notice to vacate or files an eviction action. TEX.PROP.CODE ANN. § 92.332(b)(1)(West 2007). Gallardo moved for summary judgment under Rule 166a(i) on each element of the cause of action including that Tenants were not delinquent in rent when Gallardo gave notice to vacate or filed the eviction action.

The evidence submitted by Roman showed that she had not paid the rent for September 2008 when Gallardo gave Roman notice that he was not going to renew the lease and when he gave her notice that they needed to vacate the premises by October 11, 2008 due to non-payment of the rent. Gallardo filed eviction proceedings when Tenants failed to vacate the premises. The trial court did not err by granting summary judgment on the breach of contract claim based on retaliation or on the separate claim for retaliatory eviction.

*Promissory Estoppel*

Roman's suit included a promissory estoppel claim based on Gallardo's alleged promise to sell her the home. The elements of promissory estoppel are: (1) a promise, (2) foreseeability of reliance by the promisor, (3) substantial and reasonable reliance by the promisee to its detriment, and (4) enforcing the promise is necessary to avoid injustice. *Collins v. Walker*, 341 S.W.3d 570, 573-74 (Tex.App.--Houston [14th Dist.] 2011, no pet.). Although promissory estoppel is normally pled as a defense, it may be asserted by a plaintiff as an affirmative ground for relief. *Fertic v. Spencer*, 247 S.W.3d 242, 250 (Tex.App.--El Paso 2007, pet. denied). Gallardo challenged each element of Roman's promissory estoppel claim.

Roman stated in her affidavit that Gallardo promised he would sell the home back to her and the rent paid would count toward the closing costs. She also stated that she reminded Gallardo in 2008 of his promise to sell the property back to her and she asked him to include in the lease that she had "first option to buy." To show detrimental reliance, the plaintiff must

demonstrate that she materially changed her position in reliance on the promise. *See English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983). Roman was living in the home and paying a mortgage prior to the foreclosure. After Gallardo purchased the home at the foreclosure sale, Roman began renting the home from Gallardo and paid rent at the rate of $700 per month from January 2006 through June 30, 2008 and she began paying rent of $800 per month beginning on July 1, 2008. Roman did not present any summary judgment evidence that she would not have rented the home if Gallardo had not made the promise to sell it back to her at an unspecified date in the future. Consequently, Roman failed to present more than a scintilla of evidence that she materially changed her position in reliance on Gallardo's promise to sell the home back to her or give her first option to buy. The trial court properly granted Gallardo's motion for no-evidence summary judgment on the promissory estoppel claim. Having found that Tenants failed to present more than a scintilla of evidence on each element of the breach of contract, retaliatory eviction, and promissory estoppel claims, we overrule Issue One and affirm the judgment of the trial court.


October 29, 2014                                        ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J. (Not Participating)