In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00103-CV
_____

JOSE GUADALUPE OSEGUERA, Appellant

V.

SONIA LOREDO, Appellee

On Appeal from the County Court at Law No. 1
Jefferson County, Texas
Trial Cause No. 133345

MEMORANDUM OPINION

Appellant Jose Guadalupe Oseguera filed a pro se petition for eviction against his tenant, appellee Sonia Loredo, alleging that Loredo had failed to pay for three months of rent. The Justice of the Peace signed a default judgment for eviction and ordered Loredo to pay $910, plus interest and court costs. Loredo filed a pro se de novo appeal of the default judgment with the County Court at Law No. 1 of Jefferson

1

County, Texas.[1] The trial court set a forcible detainer hearing. The parties appeared pro se at trial. The trial court entered a take-nothing judgment in favor of Loredo and ordered the county clerk to mail the $425 held in the court's registry of the court for unpaid rent to Oseguera. Oseguera, now represented by an attorney, appeals. Oseguera argues the trial court committed "gross error[,]" and we interpret his issue on appeal as a challenge to the sufficiency of the evidence supporting the judgment. We affirm the trial court's judgment.

At the forcible detainer trial de novo, Loredo argued that she was out of town when the Justice of the Peace granted the default judgment against her and that "Mr. Oseguera got the eviction with false statements[.]"According to Loredo, the written housing lease between Loredo and Oseguera provided that Loredo would pay Oseguera $1028 monthly for rent. The clerk's record includes the Section 8 Housing Assistance Payments (HAP) Program Agreement, which included a written lease between Oseguera and Loredo stating that the rent would be $1028 per month. Certain Section 8 Housing Authority documents also appear in the record and are signed by Oseguera and Loredo. The HAP documents in the record state that the rent was $1028 per month and for November 2018, Loredo would pay $60 and the

---

[1] Because an appeal from the Justice Court is de novo, we will refer to the County Court at Law No. 1 as the trial court. *See* Tex. R. Civ. P. 506.3.

2

Housing Authority would pay $968 per month to Oseguera. A subsequent HAP adjustment document indicates that for December and January Loredo would pay $425 a month and the Housing Authority would pay $603 a month to Oseguera. Loredo testified at the trial de novo that she has complied with the written lease agreement by tendering her portion required under the HAP Agreement each month but that Oseguera or the person collecting rent for Oseguera has refused to accept the payments because Oseguera "wanted extra cash besides the contract." Loredo testified that Oseguera refused to accept her January rent payment because he wanted her to pay him "$200 more besides [her] co-pay, besides the contract[,]" and after January he did not want her money because it was not enough and he instead wanted her to move out. Loredo testified that Oseguera originally wanted $1200 for the rental unit, but that the HAP Agreement was for $1028 and she believes he misunderstood the effect of her "co-pay" being the increased difference between the $1200 and the $1028. Loredo testified that Oseguera went to the Port Arthur Housing Authority and spoke with the caseworker and the caseworker explained to Oseguera that Loredo only had to pay him the amount on the contract.

Oseguera testified through a translator that, because the Housing Authority would not approve a lease for the $1200 monthly rental rate and Loredo wanted to rent the unit, he and Loredo had a verbal agreement for her to pay her portion of the

3

rent under the HAP Agreement as well as the difference between the $1028 and $1200 each month. According to Oseguera, Loredo "always brought portions of [the rent] . . . [s]o, that's why he never accepted the money." Oseguera testified that he "told her that once she arrived with the whole amount that he would accept it, but she never brought the full amount." Oseguera's wife testified that she was present when Loredo agreed to pay $1200 per month and that Loredo "agreed upon paying the difference that Housing was not going to pay."[2]

In entering a take-nothing judgment in favor of Loredo, the trial court stated the following:

> Okay. The Court has heard both sides of the case. The Court at the outset of this case warned the parties that they really needed legal counsel. And [Oseguera] here also has an interpreter and the witnesses that [Oseguera] called also needed interpreters. It was very difficult. And it made the evidence presented by [Oseguera] very confusing, and it was incoherent more or less.
> After hearing the evidence in this particular case, the Court rules for . . . Ms. Loredo. She has shown that she has lived up to the contract agreed[-]upon price which I have seen to be in writing to be $1,028 a month rent, and she has complied on other occasions. She has attempted to pay her portion of the rent directly to [Oseguera] or [Oseguera]'s agent being his son or family member, and they refused to accept the money. And so, if they allege she's guilty of nonpayment, she has attempted to pay and they have refuse[d] to accept. But it looks to me . . . based on the evidence before me that she tendered the amount that they agreed upon in writing to be the rent.

---

[2] Section 8 provides that the HAP contracts will establish the maximum monthly rent that property owners are entitled to receive for each dwelling unit. 42 U.S.C. § 1437f(c)(1)(A) (2019).

4

In a legal sufficiency review, we credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally sufficient if it "would enable reasonable and fair-minded people to reach the verdict under review." *Id.* The factfinder is the sole judge of the credibility of the witnesses and is responsible for resolving any conflicts in the evidence, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Id.* at 819-21; *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 625 (Tex. 2004). In a factual sufficiency review, we consider and weigh all of the evidence, and we will set aside the trial court's finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). As long as the evidence falls within the zone of reasonable disagreement, we cannot substitute our judgment for that of the factfinder. *City of Keller*, 168 S.W.3d at 822.

A forcible detainer action is governed by discrete provisions of the Texas Property Code and the Texas Rules of Civil Procedure. *See* Tex. Prop. Code Ann. §§ 24.001-.011 (West 2014 & West Supp. 2018); Tex. R. Civ. P. 510.1-510.13. "The action is intended to be a summary, speedy, and inexpensive remedy for resolving a

5

dispute over 'who is entitled to possession of the premises.'" *McClane v. New Caney Oaks Apartments*, 416 S.W.3d 115, 118 (Tex. App.—Beaumont 2013, no pet.).

The elements of a landlord's cause of action for forcible detainer are: (1) a landlord-tenant relationship exists between the parties; (2) the tenant can be evicted because she is a holdover tenant, a tenant at will, tenant at sufferance, or the tenant of a person who acquired possession by forcible entry; (3) the landlord made a proper demand for possession; (4) the period of time to vacate the property has expired; and (5) the tenant has refused to surrender the possession to the landlord. *See Martin v. Clarke*, No. 09-16-00421-CV, 2017 Tex. App. LEXIS 7321, at *5 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.) (citing Tex. Prop. Code Ann. § 24.002 (West 2014); *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)). Although the only issue to be determined is the right to actual possession, a claim for rent may be brought with this action. *See Murphy*, 199 S.W.3d at 446-47; *see also* Tex. R. Civ. P. 510.3(a), 510.8(b).

Crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not, we conclude that the evidence would enable reasonable and fair-minded people to conclude that Loredo complied with the terms of the written rental agreement. Therefore, we conclude that

the evidence was legally sufficient. *See City of Keller*, 168 S.W.3d at 827.

Furthermore, considering and weighing all the evidence, we conclude that the

evidence that Loredo complied with the terms of the written rental agreement is not

so weak nor is the finding so against the great weight and preponderance of the

evidence as to be clearly wrong and unjust. *See Francis*, 46 S.W.3d at 242.

Therefore, the evidence is factually sufficient. Accordingly, we overrule Oseguera's

issue and affirm the trial court's judgment.[3]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on September 17, 2019
Opinion Delivered October 3, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[3] In support of his appeal, Oseguera cites to *Hernandez v. Gallardo*, 458 S.W.3d 544 (Tex. App.—El Paso 2014). We note that this *Hernandez* opinion was withdrawn and a substituted opinion, *Hernandez v. Gallardo*, No. 08-12-00178-CV, 2014 Tex. App. LEXIS 11878 (Tex. App.—El Paso Oct. 29, 2014, pet. denied), issued. We find both the withdrawn opinion and the substituted opinion factually distinguishable from the present case in that the present case is not a breach of contract case and Loredo presented evidence that she complied with the terms of the written lease.