Danny Royce MURPHY, Appellant,

v.

COUNTRYWIDE HOME LOANS, INC.
and Samuel Daffin, II, Appellees.

No. 01–04–00584–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 8, 2006.

Rehearing Overruled Aug. 30, 2006.

Danny Royce Murphy, La Marque, pro se.

John Peyton Barnes, Steven A. Leyh, Leyh & Payne, L.L.P., Houston, for Appellees.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

Appellant, Danny Royce Murphy, appeals the trial court's order granting a no-evidence summary judgment in favor of appellees, Countrywide Home Loans, Inc. and Samuel Daffin, II (collectively "Countrywide"). Murphy asserts that (1) the no-evidence summary judgment motion rendered against him was signed by a legally unqualified visiting senior judge and is therefore void, (2) the trial court erred by denying his motion to set aside the summary judgment, and (3) Countrywide lacked standing to be awarded any relief. We affirm.

## Background

After signing a promissory note, Murphy obtained a loan from Countrywide to purchase a home. Murphy defaulted on the loan, notices of acceleration were sent to him, and demand was made to no avail.

Murphy sued Countrywide to prevent foreclosure. After a hearing, the trial court granted a temporary restraining order. The court subsequently denied Murphy's application for a temporary injunction to prevent the proposed foreclosure sale, and Countrywide foreclosed on the property.

In response to Murphy's lawsuit, Countrywide filed a general denial and later filed a no-evidence summary judgment as to all of Murphy's claims against it. Countrywide filed an original counterclaim against Murphy seeking possession of the property, the deficiency in the note after foreclosure, and attorney's fees. Visiting senior judge Frank T. Carmona granted the no-evidence summary judgment against Murphy, and Countrywide then filed a traditional motion for summary judgment as to possession. Murphy filed a motion to set aside the no-evidence summary judgment. Presiding judge Wayne Mallia denied Murphy's motion to set aside the no-evidence summary judgment and, on the same day, granted Countrywide's traditional summary judgment as to possession.

## Validity of Judgment

In his first point of error, Murphy contends that the no-evidence summary judgment is void because it was rendered and signed by a legally unqualified visiting senior judge. Murphy alleges that the trial court record is devoid of any documentation showing that the visiting senior judge, the Honorable Frank T. Carmona, had ever subscribed to the constitutionally required oath of an appointed officer before beginning his assignment. *See* TEX. CONST. art. XVI, § 1(c) (oath of office) and (d) (anti-bribery oath). Murphy also argues that, although Judge Carmona signed an anti-bribery oath, that oath is defective because it was for another court and filed before Judge Carmona was appointed to the trial court.[1] We disagree.

Murphy cites *Prieto Bail Bonds v. State,* 994 S.W.2d 316 (Tex.App.-El Paso 1999, pet. ref'd) for the proposition that senior judges are appointed and must take the constitutional oaths required of appointed officers. In *Prieto,* the retired judge had served as both a district judge and as a justice on the El Paso Court of Appeals for a combined 23 years. *Id.* at 318. Upon his retirement, the judge made an election

1. It is unclear from the record before us whether Murphy objected to Judge Carmona's assignment before the summary judgment was signed. However, a challenge to a trial judge's legal qualifications may be raised for the first time on appeal. *Wilson v. State,* 977 S.W.2d 379, 380 (Tex.Crim.App.1998). *But see* TEX.R.APP. P. 33.1(a) (general rule that error must be preserved in trial court).

to continue serving as a senior judge. *Id.; see* TEX. GOV'T CODE ANN. § 75.001(a)-(d) (Vernon Supp.2005)[2]. He apparently did not take any additional oaths upon retirement, and the *Prieto* court held that this failure nullified the orders signed by the retired judge. *Prieto,* 994 S.W.2d at 318-20.

Murphy argues that retired judge Carmona has not filed an oath of office since he retired as a regular district judge; therefore, his signing of the no-evidence summary judgment renders it void. Countrywide produced five documents filed with the Texas Secretary of State that supported its contention that Carmona had satisfied his constitutional requirements to assume office. These documents included two Statements of Elected Office for the 122nd Judicial District; two Oaths of Office for the 122nd Judicial District; and a Statement of Elected/Appointed Officer as Visiting Senior District Judge, Galveston County.

We have held that the presumption of the regularity of trial court judgments and proceedings applies to appellate challenges of visiting trial court judges for alleged failures to take their constitutionally required oaths. *See Murphy v. State,* 95 S.W.3d 317, 320 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) (holding that an appellant who makes such a challenge must make a prima facie showing that the trial judge did not take the required oaths before we will consider the issue on the merits). The burden is on the moving party to overcome the presumption. *Id.*

In this case, the only evidence produced by Murphy to overcome this presumption is a letter from the Texas Secretary of State, Gwyn Shea, certifying that a diligent search of the records of that office failed to produce a Statement of Officer or

an Oath of Office for Carmona as judge of the 405th Judicial District. This is insufficient evidence for Murphy to meet his burden on this issue. In order to determine whether Carmona filed his required oaths of office after retirement, we would need to know the date upon which he retired. We find nothing in the record to indicate when Carmona retired; therefore, we cannot determine whether he signed an oath of office after such date.

■ Murphy further argues that the Statement of Elected/Appointed Officer is defective because it does not refer to any particular office or position and because the oath was signed before Carmona's appointment to the 405th District Court. We find these arguments to be without merit. Murphy has not cited any legal authority for this argument. An issue not supported by legal authority is waived. *Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 284 (Tex.1994).

We overrule Murphy's first issue.

### Motion to Set Aside Judgment

■ In his second point of error, Murphy contends that the trial court erred by failing to grant his motion to set aside the no-evidence summary judgment. He argues that the presiding judge should have found that the visiting judge acted without authority and granted his motion to set aside the summary judgment. We disagree.

■ Murphy cites no legal authority for this point of error on appeal. Murphy's brief "must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief." TEX.R.APP. P. 38.1(g). Rule 38 requires Murphy to provide us with such discussion of the facts

---

2. Texas Government Code section 75.001 outlines the process by which a judicial retiree can elect to become a judicial officer or senior judge.

and the authorities relied upon as may be requisite to maintain the point at issue. *Id.* at (h); *see also Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). This is not done by merely uttering brief conclusory statements, unsupported by legal citations. *Tesoro*, 106 S.W.3d at 128. By presenting such attenuated, unsupported argument, Murphy has waived his complaints. *See Fredonia*, 881 S.W.2d at 284.

We overrule Murphy's second issue.

### Summary Judgment Proof

In point of error three, Murphy contends that Countrywide lacked standing to be awarded relief in the foreclosure action against him because Countrywide was unable to show that it owned or possessed the promissory note entitling it to foreclosure. Essentially, Murphy is complaining that Countrywide did not provide sufficient evidence to support its traditional motion for summary judgment on the issue of possession. We disagree.

### Standard of Review

Summary judgment is proper only when the movant establishes that there are no genuine issues of material fact to be decided and it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). To be entitled to summary judgment as a plaintiff, a movant must prove each element of its claim as a matter of law. *See Nixon*, 690 S.W.2d at 548. In deciding whether a disputed material fact exists, we accept as true evidence favorable to the non-movant and indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Id.* at 548–49.

Here, the only remaining issue to be disposed of in the final summary judgment was the issue of possession of the property. Countrywide contended in its motion that no genuine issue of material fact remained as to the issue of possession and that it was entitled to possession because it was able to prove all of the elements under the forcible detainer theory of recovery.

Forcible detainer occurs when a person refuses to surrender possession of real property upon a statutorily sufficient demand for possession if that person is: (1) a tenant or subtenant willfully and without force holding over after his right of possession ends, (2) a tenant at will or by sufferance, or (3) a tenant of someone who acquired possession by forcible entry. Tex. Prop.Code Ann. § 24.002 (Vernon 2000). Generally, an occupant of the property holding over after execution of a deed is considered a permissive tenant whose right to possession is inferior to that of the party holding title. *See Tex–Wis Co. v. Johnson*, 534 S.W.2d 895, 899 (Tex.1976). To establish forcible detainer and prevail on its motion for summary judgment, Countrywide had to establish the following as a matter of law: (1) Countrywide was the owner, (2) Murphy was an occupant at the time of foreclosure, (3) the foreclosure was of a lien superior to Murphy's right to possession, (4) Countrywide made a statutorily sufficient written demand for possession, and (5) Murphy refused to leave. *See* Tex. Prop.Code Ann. § 24.002; *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex.App.-Houston [14th Dist.] 1993, no writ).

In its motion for summary judgment, Countrywide alleged that Murphy defaulted on his mortgage payments and failed to make payment even after notices of acceleration and demand notices were served on him. A substitute trustee's sale was held and Countrywide purchased the property and received a substitute trustee's deed. This deed, which transferred title to Countrywide, and an affidavit of mortgage

were filed in the Galveston County real property records. Countrywide then gave Murphy written notice to vacate the property. Murphy refused to vacate and unlawfully remained in possession of the property.

As summary judgment evidence for the element of ownership, Countrywide attached its substitute trustee's deed and an affidavit of mortgage. To establish that Murphy was the occupant at the time of foreclosure, Countrywide attached a certified copy of the deed of trust. To establish that it had a lien that was superior to Murphy's right to possession, Countrywide relied on the deed of trust and the substitute trustee's deed. And to establish that it made a demand for possession, Countrywide relied on the notice to vacate. The fact that Murphy refused to surrender possession is uncontested.

■ In his response to Countrywide's summary judgment, Murphy complains that the substitute trustee's deed, affidavit of mortgage, and deed of trust are not admissible as evidence because they are not authenticated. Murphy questions the certification of these documents by saying that a court file stamp is not enough to prove proper authentication. Rule 902(4) of the Texas Rules of Evidence allows for the self-authentication of certified copies of public records. *See* TEX.R. EVID. 902(4). The deed of trust, substitute trustee's deed, and affidavit of mortgage in this case all contain file stamps which indicate that they have been filed in the Galveston County real property records as official public records. Therefore, we hold these documents to be self-authenticated. *See id.*

■ Murphy further complains that Countrywide's evidence is insufficient because the substitute trustee's deed shows the owner of the property to be Federal Home Loan Mortgage Corporation ("Federal") and not Countrywide. Countrywide attached the business records affidavit of Jack O'Boyle, Federal's attorney, to authenticate the notice to vacate. The notice to vacate affirmatively names Countrywide as the authorized servicing agent for Federal. Murphy offered no evidence to contradict this statement. Murphy did, however, attach exhibits to his response motion. The attachments consisted of a copy of the original promissory note, a cover letter purporting to transfer the original note to First Chicago National Processing Corporation, and Murphy's personal affidavit attesting to the validity of the attached documents. These exhibits do not constitute evidence rebutting the issue of possession.

■ Finally, Murphy contends that the documents used by Countrywide as summary judgment evidence are "products of a void illegal defective fraudulent procedure" because Countrywide failed to prove it had authority to foreclose. However, rule 746 of the Texas Rules of Civil Procedure does not require Countrywide to prove title. To prevail in a forcible detainer action, Countrywide need only show sufficient evidence of ownership to demonstrate a superior right to immediate possession. TEX.R. CIV. P. 746; *Goggins,* 849 S.W.2d at 377. Murphy's allegations concerning the propriety of the foreclosure or challenges to Countrywide's deed or title to the property cannot be considered in this action. TEX.R. CIV. P. 746; *Goggins,* 849 S.W.2d at 377.

Countrywide established the elements of its forcible detainer cause of action when it showed: (1) it bought the property at a foreclosure sale, (2) Murphy occupied the property at the time of foreclosure, (3) the foreclosure was of a lien superior to Murphy's right to possession, (4) Countrywide made a statutorily proper demand for pos-

session with its notice to vacate, and (5) Murphy refused to surrender possession. The evidence sufficiently established Countrywide had an immediate right to possession, and Murphy's evidence did not raise a material issue of fact that would bar the granting of summary judgment. *See* TEX. PROP.CODE ANN. § 24.002; *Goggins,* 849 S.W.2d at 377. The trial court did not err in granting summary judgment in favor of Countrywide.

We overrule Murphy's third issue.

### Conclusion

We affirm the judgment of the trial court. All pending motions are hereby denied.