Opinion issued June 24, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00270-CV

———————————

Ted Kaldis
and/or
all occupants of 2920 Pasadena Blvd., Pasadena, Texas 77503, Appellants

V.

Aurora Loan
Services,
Appellee



 



 

On Appeal from the County Civil Court at Law Number Four 

Harris  County, Texas



Trial Court Case No. 932433

 



 

MEMORANDUM OPINION

Appellant,
Ted Kaldis and/or all occupants of 2920 Pasadena Blvd., Pasadena, Texas 77503 (“Kaldis”),[1]
appeal a judgment granting a forcible entry and detainer action in favor of
appellee, Aurora Loan Services, following a jury trial.  We determine whether the evidence was legally
and factually sufficient to support the jury’s finding that Aurora had a superior
right of possession to the premises at issue. 
We affirm.

Background

 

Ted Kaldis purchased a
house on July 5, 2007, signing a Deed of Trust, whereby he pledged the real
property to secure a loan.[2]
The Deed of Trust was executed by Kaldis as the borrower,[3]
and listed Thomas E. Black as the trustee and Lehman Brothers Bank as the
lender.  Section 22 of the Deed of Trust
provided that if Kaldis defaulted on his payments and failed to cure the
default after being provided notice, the lender could accelerate the entire sum
due under the note and sell the property at a foreclosure sale.   If the
property was sold under section 22, then (1) the trustee was to deliver a
trustee’s deed conveying title to the property to the purchaser at the sale and
the recitals in the deed were to be prima facie evidence of the truth of the
statements therein; (2) Kaldis agreed to defend the purchaser’s title against
all claims and demands; and (3) Kaldis, or anyone holding possession of the
property through Kaldis, was to immediately surrender possession of the
property to the purchaser.  If possession
was not surrendered, Kaldis or the person holding possession through Kaldis
immediately became a tenant at sufferance that could be removed by a forcible
detainer action.  The Deed of Trust also
provided that trustees could be added, removed, substituted, or named as
successor trustees by the lender and any additional, substitute, or successor
trustee would have the same title, rights, remedies, powers, and duties as the
Trustee named in the Deed of Trust.  

Kaldis defaulted on the
loan, and a foreclosure sale was held on November 4, 2008.  Aurora purchased the disputed property at the
foreclosure sale and Lori A. Lowe, a substitute trustee, executed the
Substitute Trustee’s Deed conveying the property to Aurora on the same day.  On November 20, 2008, Aurora sent Kaldis a
letter notifying him of Aurora’s purchase of the property at the foreclosure
sale, reminding Kaldis of the terms of the Deed of Trust rendering him a tenant
at sufferance, demanding possession of the property, and notifying Kaldis that
he must vacate the property within three days. 

After Kaldis refused to
vacate, Aurora filed a petition for forcible detainer with Harris County
Justice of the Peace, Precinct 8, Place 1, on November 28, 2008.  The case was decided in Aurora’s favor.  Kaldis appealed to a Harris County Court at
Law No. 4 and requested a jury trial.   The jury returned a verdict in favor of
Aurora, finding that Aurora had a superior right to possess the disputed
property.

Discussion

In a single issue, Kaldis
challenges both the legal and factual sufficiency of the evidence to sustain
the jury’s finding that Aurora has a superior right to possession.  

A.  
     Standard
of Review for Legal and Factual Sufficiency

In a legal sufficiency
review, the court must consider the evidence in the light most favorable to the
fact-finder’s decision and indulge every reasonable inference in support of
that decision.  City of Keller v. Wilson, 168
S.W.3d 802, 822 (Tex. 2005).  When
a party attacks the legal sufficiency of an adverse finding on an issue for
which it did not have the burden of proof, it must demonstrate that there is no
evidence to support the adverse finding. 
Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983).  Such a no-evidence challenge will be
sustained only if (1)
there is a complete absence of evidence of a vital fact, (2) the court is
barred by the rules of law or evidence from giving weight to the only evidence
offered to prove a vital fact, (3) the evidence offered to prove a vital fact
is no more than a scintilla, or (4) the evidence conclusively establishes the
opposite of a vital fact. Merrell Dow
Pharms., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997).  More than a scintilla of evidence
exists when the evidence “rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.” Ford Motor Co. v.
Ridgway, 135 S.W.3d 598, 601 (Tex. 2004) (quoting Havner, 953 S.W.2d at 711). 
However, evidence does not exceed a scintilla if it is so weak as to do
no more than to create a mere surmise or suspicion that the fact exists.  Id. (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63
(Tex. 1983)).

In a factual-sufficiency review, the court must examine both the
evidence supporting and contrary to the judgment.  See Dow Chem. Co. v. Francis, 46 S.W.3d
237, 242 (Tex. 2001); Plas-Tex,
Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).  In reviewing a factual-sufficiency challenge
to a jury finding on an issue on which the party did not have the burden of
proof, we consider and weigh all of the evidence and set aside the verdict only
if the evidence that supports the jury finding is so weak as to make the
verdict clearly wrong and manifestly unjust. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Raw Hide
Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 275 (Tex.
App.—Amarillo 1988, writ denied).

B.      Superior
Right to Possession 

 

Kaldis challenges both
the legal and factual sufficiency of the jury’s answer to the following
question: 

QUESTION 1

Who has the superior right to possess the premises
located at 2920 Pasadena Boulevard, Pasadena, Texas? Answer yes or no for each
of the following:

 

A.  
Ted Kaldis:  No

 

B.  
Aurora Loan
Services: Yes

 

Kaldis contends that the
evidence is legally and factually insufficient to prove that Aurora had a
superior right to possession because Aurora did not establish “a clear chain of
title from [Kaldis] to [Aurora].”  Specifically, Kaldis argues that the Substitute
Trustee’s Deed issued to Aurora after the foreclosure sale is “deficient” and
“void” because it was issued by Lori Lowe as a substitute trustee instead of by
Thomas Black, the original trustee, and there was no evidence presented at
trial to show that Black was removed and Lowe substituted as trustee.  Kaldis argues that there was therefore no
proof that Lowe had the authority to sell the property at the foreclosure sale
and that, by failing to prove every “link” in the chain of title, Aurora failed
to prove that it had a superior right of possession to the property. 

 We disagree.  Kaldis’s argument is premised on the
assumption that Aurora was required to prove the merits of its title in order
to prove a superior right to possession in its action for forcible detainer.  This is incorrect.

It
is well established that the question of the merits of a party’s title are beyond the scope of an
action for forcible entry and detainer.  See Scott v. Hewitt, 127 Tex. 31, 35, 90
S.W.2d 816, 818–19 (1936).   In a forcible detainer action, the only issue
is the right to actual possession; “the merits of the title shall not be
adjudicated.”  Tex. R. Civ. P. 746.  Accordingly, a party is not required to prove that it has valid title to property in order to prevail
in a forcible detainer action.[4]   See Murphy
v. Countrywide Home Loans, Inc., 199
S.W.3d 441, 446 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied); Villalon v. Bank One, 176
S.W.3d 66, 70 (Tex. App.—Houston
[1st Dist.] 2004, pet. denied).  Rather,
a party seeking a forcible detainer only need establish that it has a superior
right to possess the property than the tenant from whom possession is being
demanded. See Villalon, 176 S.W.3d at
70.  This superior right of possession
may be evidenced by a Substitute Trustee’s Deed following a foreclosure sale,
and a party is entitled to a forcible detainer based on such a deed, even if
the opposing party claims that the foreclosure was improper and challenges the
deed issued.  Id. As we
explained in Murphy, allegations
regarding the propriety of a foreclosure or a challenge to the authority of a
person (e.g., Lowe) to sell the property at foreclosure cannot be considered in
a forcible detainer action.  Murphy, 199 S.W.3d at 446.  The Texas Supreme Court has likewise
explained that if a party wishes to 

attack the sale made under [a] deed of trust as being
invalid, [he] may bring such a suit in the district court for that purpose
[trespass to try title]; but, in a suit for forcible detainer, such action is
not permissible.  The Legislature has
expressly provided by forcible entry and detainer proceedings a summary,
speedy, and inexpensive remedy for the determination of who is entitled to the
possession of the premises, without resorting to an action upon the title.

 

See Scott, 127 Tex. at 35, 90 S.W.2d at 818–19.

          Accordingly,
Aurora was not required to prove a “clear chain of title from [Kaldis] to
[Aurora]”  in order to be entitled to a
forcible detainer, and whether the Substitute Trustee’s deed was “void” or
“deficient” or there was a “gap in the chain of title/ownership” was outside of
the scope of the forcible detainer action.  The Substitute Trustee Deed held by Aurora and
offered into evidence was sufficient to demonstrate that Aurora had a superior
right of possession to the property than Kaldis.  See
Villalon, 176 S.W.3d at 70.  Viewing the evidence
in the light most favorable to the jury’s verdict, we hold that
there is some evidence to support the jury’s finding that Aurora had a superior
right of possession to the property.  
Considering all the evidence in the record in a neutral light, we also
hold that the evidence supporting the jury’s finding is not so week as to make
the verdict clearly wrong and manifestly unjust.  We
conclude that the evidence supporting the jury’s finding was legally and factually
sufficient and we overrule Kaldis’s sole issue.   

Conclusion

We affirm the judgment of
the trial court.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Bland and Sharp.

 











[1]
          Although the clerk’s record includes
only an answer by Monica Kaldis, Ted Kalis’s wife, and the reporter’s record shows
only an appearance at trial court by Ted Kalis, the trial court judgment was
rendered against “Ted Kaldis and/or all
occupants of 2920 Pasadena Blvd., Pasadena, Texas 77503” and the notice of appeal was filed by “Ted Kaldis and/or all occupants of 2920
Pasadena Blvd., Pasadena, Texas 77503.”  

 





[2]
          An alternative to a mortgage, a deed of trust is an agreement between
three parties, whereby the title holder deeds the property to a trustee who
holds the title for the lender until the loan is fully repaid.  Black’s
Law Dictionary 476 (9th ed. 2009).  Deeds of trust generally provide that, upon
default, the trustee may accelerate the maturity of the note and, after notice
to the borrower, sell the property if the default is not cured.  See
Successors to the Interest of Rea-Glass,
Inc. v. Allied Corp., 704 S.W.2d 387, 389 (Tex. App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.). 

 





[3]           Monica Kaldis also signed the Deed of
Trust, but the deed was made solely in Ted’s name.





[4]
          A
party may bring a forcible detainer action when a person refuses to surrender
possession of real property upon a statutorily sufficient demand for possession
if that person is (1) a tenant or subtenant willfully and without force holding
over after his right of possession ends, (2) a tenant at will or by sufferance,
or (3) a tenant of someone who acquired possession by forcible entry. Tex. Prop. Code Ann. § 24.002 (Vernon 2000).