In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00421-CV

_____

JAMES ALLEN MARTIN AND VICTORIA MARTIN, Appellants

V.

ARTHUR P. CLARKE, Appellee

On Appeal from the County Court at Law No. 2
Montgomery County, Texas
Trial Cause No. 16-29628

MEMORANDUM OPINION

*Pro se* appellants James Allen Martin and Victoria Martin appealed an eviction and rent arrearage judgment in favor of *pro se* appellee Arthur P. Clarke from the Justice of the Peace Court to the County Court at Law No. 2 of Montgomery County, Texas.[1] We affirm the trial court's judgment.

---

[1]Because an appeal from Justice Court is *de novo*, we will refer to the County Court at Law No. 2 as the trial court. *See* Tex. R. Civ. P. 506.3.

1

Clarke obtained a judgment against James Allen Martin following a bench trial. In the judgment, the Justice of the Peace found in favor of Clarke and awarded him possession of the premises, costs of $191, and $1400 in damages. The Justice of the Peace also found that the monthly rent amount due is $800 and gave Martin five days to either vacate the premises or appeal the ruling. Martin appealed the Justice of the Peace's ruling to the County Court at Law No. 2 for trial *de novo*. *See* Tex. R. Civ. P. 506.3 (providing that appeals from justice court are tried *de novo* in the county court).

The trial court set the case for a bench trial on September 30, 2016. The parties appeared *pro se* at trial. Clarke testified that he seeks eviction of the Martins from his property and that he regain possession of the property because of the Martins' failure to pay rent. Clarke also testified that he sought a judgment for the Martins' alleged rent arrearage of $5075. Clarke tendered into evidence a rent payment summary, which stated that from January through September, the Martins should have paid rent in the amount of $13,050, but the Martins only paid $7975, leaving a $5075 arrearage; transcribed voice messages from the Martins; a lease inventory and condition form; a three-day notice to vacate or quit the premises; Clarke's petition; and a copy of the residential lease agreement, and the trial court marked them as exhibits A through F. Clarke testified, "That's it. Basically, I want my house back."

2

During cross-examination, Clarke testified that he did not receive payments from the Martins through automatic transactions. Clarke testified, "I did receive the transactions but they were done by someone, not an automatic transfer." Clarke explained that he received some payments, but not all payments that were due. Clarke testified that he agreed to allow the Martins to pay $725 every two weeks instead of $1450 in one monthly payment as a favor to the Martins. During questioning by the trial judge, the judge noted that with rent being $1450 per month, the Martins owed $15,950 for eleven months of rent, and Victoria testified that she and her husband had paid $12,374 to Clarke, as well as $1450 into the registry of the court. Victoria testified that for July, August, and September, the Martins made one payment of $1450 into the court registry. The trial judge took the matter under advisement.

On September 30, 2016, the trial court signed a final judgment, in which it ordered that Clarke shall recover possession of the subject property from the Martins via a writ of execution and awarded Clarke damages of $3625[2] and pre-judgment and post-judgment interest. The Martins then appealed to this Court. The Martins' *pro se* brief does not contain record references, a statement of the issues

---

[2]We note that when the $1450 the Martins paid into the registry of the court is subtracted from Clarke's claim for back rent in the amount of $5075, the result is $3625.

presented, or citations to authorities. *See* Tex. R. App. P. 38.1. However, in the interest of justice, we construe the Martins' brief as challenging the sufficiency of the evidence regarding their eviction and the rent they were ordered to pay.

In a legal sufficiency review, we credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally sufficient if it "would enable reasonable and fair-minded people to reach the verdict under review." *Id*. The factfinder is the sole judge of the credibility of the witnesses and is responsible for resolving any conflicts in the evidence, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *Id*. at 819-21; *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 625 (Tex. 2004). In a factual sufficiency review, we consider and weigh all of the evidence, and we will set aside the trial court's finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). As long as the evidence falls within the zone of reasonable disagreement, we cannot substitute our judgment for that of the factfinder. *City of Keller*, 168 S.W.3d at 822.

A forcible detainer action is governed by discrete provisions of the Texas Property Code and the Texas Rules of Civil Procedure. *See* Tex. Prop. Code Ann.

4

§§ 24.001-.011 (West 2014 & Supp. 2016); Tex. R. Civ. P. 510.1-510.13. "The action is intended to be a summary, speedy, and inexpensive remedy for resolving a dispute over 'who is entitled to possession of the premises.'" *McClane v. New Caney Oaks Apartments*, 416 S.W.3d 115, 118 (Tex. App.—Beaumont 2013, no pet.).

The elements of a landlord's cause of action for forcible detainer are: (1) a landlord-tenant relationship exists between the parties; (2) the tenant can be evicted because he is a holdover tenant, tenant at will, tenant at sufferance, or the tenant of a person who acquired possession by forcible entry; (3) the landlord made a proper demand for possession; (4) the period of time to vacate the property has expired; and (5) the tenant has refused to surrender possession to the landlord. Tex. Prop. Code Ann. § 24.002 (West 2014); *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446-47 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Although the only issue to be determined is the right to actual possession, a claim for rent may be brought with the action. *See Murphy*, 199 S.W.3d at 446-47; *see also* Tex. R. Civ. P. 510.3(a), 510.8(b). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

5

Crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not, we conclude that the evidence would enable reasonable and fair-minded people to conclude that Clarke was entitled to possession and was owed rent in the amount determined by the trial court. Therefore, the evidence was legally sufficient. *See City of Keller*, 168 S.W.3d at 827. Furthermore, considering and weighing all of the evidence, we conclude that the evidence that Clarke was entitled to possession and was owed rent in the amount determined by the trial court is not so weak nor are the findings so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See Francis*, 46 S.W.3d at 242. Therefore, the evidence is factually sufficient. Accordingly, we overrule the Martins' issues and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 21, 2017
Opinion Delivered August 3, 2017

Before McKeithen, C.J., Kreger and Horton, JJ.