

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00835-CV

Alejandro **RODRIGUEZ** and Lisa Rodriguez,
Appellants

v.

**VRM [VENDOR RESOURCE MANAGEMENT]**, Duly Authorized Agent for The Secretary
of Veterans Affairs,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 2016CV04366
Honorable Jason Wolff, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Irene Rios, Justice

Delivered and Filed:  January 31, 2018

AFFIRMED

Vendor Resource Management, Inc. ("VRM") brought a forcible detainer action against

Alejandro and Lisa Rodriguez ("Appellants"). The trial court rendered judgment of possession for

VRM. On appeal, Appellants contend the trial court erred by hearing the case and rendering

judgment for VRM because VRM did not have standing to bring the forcible detainer action. We

affirm the judgment of the trial court.

## BACKGROUND

In 2009, Appellants executed a deed of trust to secure payment of a loan concerning a parcel of real property. The deed of trust provided that if the property was sold pursuant to a foreclosure sale, the borrower or any person holding possession of the property through the borrower "shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession." Appellants later defaulted on the loan, and JP Morgan Chase Bank, N.A. acquired the property at a foreclosure sale on May 3, 2016. On May 6, 2016, JP Morgan Chase transferred title of the property to the Secretary of Veterans Affairs ("Secretary"). On June 3, 2016, VRM, acting as the duly authorized agent for the Secretary, sent Appellants written notice to vacate the property. When Appellants failed to vacate, VRM filed a forcible detainer action in the justice court. On July 12, 2016, the justice court rendered judgment for VRM. Appellants appealed to the county court at law ("trial court"). On November 9, 2016, the trial court rendered judgment of possession for VRM. Thereafter, Appellants perfected this appeal.

## APPLICABLE LAW

### Forcible Detainer

A forcible detainer action is intended to be a speedy, simple, and inexpensive means to regain possession of property. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 437 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The only issue in a forcible detainer action is the right to actual and immediate possession. *Id.* at 435. To prevail in a forcible detainer action, a plaintiff is not required to prove it has title to the property; rather, a plaintiff is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession of the property. *Id.*

To prevail and obtain possession in a forcible detainer action following a foreclosure sale, a plaintiff must show: (1) the substitute trustee conveyed the property by deed to the plaintiff after

the foreclosure sale; (2) the deed of trust signed by the defendant established a landlord-tenant relationship between the plaintiff and the defendant; (3) the plaintiff gave proper notice to the defendant to vacate the premises; and (4) the defendant refused to vacate. *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.); *see* TEX. PROP. CODE ANN. §§ 24.002(a)(2), (b); 24.005 (West 2014 & West Supp. 2016).

### Standing

A standing inquiry focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in the outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). For a party to have standing, it must be properly situated to be entitled to a judicial determination. *Id.* at 849. Under both Texas and federal law, standing requires that: (1) the plaintiff be personally injured—that is, it must plead facts demonstrating that it, rather than a third party or the public at large, suffered the injury; (2) the plaintiff's injury must be fairly traceable to the defendant's conduct; and (3) the plaintiff's injury is likely to be redressed by the requested relief. *Heckman v. Williamson Co.*, 369 S.W.3d 137, 154 (Tex. 2012). Without standing, a court lacks subject matter jurisdiction to hear a case. *Lovato*, 171 S.W.3d at 849. When evaluating standing, courts consider the plaintiff's pleadings as well as evidence relevant to the jurisdictional inquiry. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

A plaintiff with no legally cognizable interest in the outcome of the case lacks standing to sue on its own behalf, but may be authorized to sue on behalf of another. *Rodarte v. Investeco Grp.*, L.L.C., 299 S.W.3d 400, 407 (Tex. App.—Houston [14th Dist.] 2009, no pet.). "An agent is one authorized by another to transact some business for the principal." *Jamison v. Nat'l Loan Investors, L.P.*, 4 S.W.3d 465, 468 (Houston [1st Dist.] 1999, pet. denied). An agent may bring suit on behalf of a principal if the agent specifically pleads it is asserting claims on the principal's

behalf. *See AVCO Corp., Textron Lycoming Reciprocating Engine Div. of AVCO Corp. v. Interstate Sw., Ltd.*, 251 S.W.3d 632, 653 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

DISCUSSION

In three issues, Appellants contend the pre-suit demand for possession was deficient because it was made by VRM, rather than the Secretary, who is the property owner. First, Appellants argue "VRM was never validated to the trial court by appropriate evidence as an authorized agent for [the Secretary]." Second, Appellants contend VRM's pleading was invalid because VRM did not demonstrate its position as the Secretary's authorized agent. Third, Appellants contend VRM was not entitled to enforce the deed of trust provision authorizing a writ of forcible detainer to evict Appellants. Each of Appellants' three issues are based on Appellants' allegation that VRM lacked standing to bring the forcible detainer action because it did not claim title to the property or have authority to act on behalf of the Secretary.

In determining whether the evidence is legally sufficient to support the trial court's finding that VRM is the Secretary's authorized agent, we credit evidence favoring the finding if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). When reviewing the evidence for factual sufficiency, we consider all the evidence supporting and contradicting the finding. *Plas–Tex., Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989). We set aside the judgment only if the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

In its original petition, VRM brought a forcible detainer action against Appellants as the "Duly Authorized Agent For The Secretary of Veterans Affairs." The petition also states the Secretary is the successor in interest to the foreclosure sale purchaser and VRM is the current loan servicer for the Department of Veterans Affairs' portfolio of properties for sale and home loans.

Thus, rather than bringing suit solely in its own name, VRM explicitly prosecuted this forcible detainer action on behalf of its principal, the Secretary. Appellants do not dispute that the Secretary has the right to bring a forcible detainer action against them.

Furthermore, during trial, VRM produced a business records affidavit to authenticate the notice to vacate. In the notice to vacate, the law firm Jack O'Boyle & Associates stated it was representing "VRM (Vendor Resource Management), Duly Authorized Agent For The Secretary of Veterans Affairs," thus affirmatively identifying VRM as the authorized servicing agent for the Secretary. Additionally, VRM produced the warranty deed whereby JP Morgan Chase transferred title of the property to the Secretary, as well as the deed of trust authorizing the Secretary, as successor in interest to the purchaser at foreclosure, to remove Appellants from the property by writ of possession. In a similar case, our sister court examined an appellant's complaint that Countrywide Home Loans was not named as the owner on a substitute trustee's deed. *See Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). In that case, the court noted the notice to vacate named Countrywide as the authorized servicing agent for Federal Home Mortgage Corporation. *Id.* That court recognized the assertion contained within the notice to vacate which affirmatively named Countrywide as the authorized servicing agent as sufficient to support Countrywide's right to possession. *Id.*

Likewise, we recognize the notice to vacate in this case as sufficient to support the trial court's finding that VRM acted as the Secretary's agent and possessed standing to bring the forcible detainer action. *See id.*; *see also Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (plaintiff, as servicing agent for Wells Fargo, had standing to bring forcible detainer action against defendant where notice to vacate named plaintiff as servicing agent and deed of trust established a landlord-tenant relationship between Wells Fargo and defendant); *Interstate Sw., Ltd.*, 251 S.W.3d at 653 (holding agent had standing

to file claims on behalf of principal where agent specifically asserted in its pleadings it was bringing suit on principal's behalf, agreement between agent and principal authorized agent to bring claims on principal's behalf, and defendant did not dispute principal's justiciable interest in claims brought by agent).

The Secretary, as the successor in interest to the purchaser of the property at foreclosure, had the legal right under the deed of trust to bring a forcible detainer action against Appellants. *See Spencer v. REOCO, Inc.*, No. 04-16-00137-CV, 2016 WL 6609202, at \*3 (Tex. App.—San Antonio Nov. 9, 2016, no pet.) (mem. op.) (holding plaintiff, as purchaser of property at foreclosure, had legal right to bring forcible detainer action against defendant pursuant to deed of trust provision authorizing purchaser at foreclosure to remove borrower from property). As the agent for the Secretary, VRM had the authority to enforce the deed of trust on behalf of the Secretary. *See Morris*, 360 S.W.3d at 35; *Murphy*, 199 S.W.3d at 446.

For the foregoing reasons, we overrule Appellants' first, second, and third issues.

CONCLUSION

The trial court's judgment is affirmed.

Irene Rios, Justice