**Opinion issued June 17, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00172-CV

———————————

### LUCY SALMERON, Appellant

### V.

### DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1, Appellee

---

**On Appeal from the County Court at Law No. 6**
**Fort Bend County, Texas**
**Trial Court Case No. 20-CCV-066819**

---

## MEMORANDUM OPINION

Appellant, Lucy Salmeron, challenges the county court's judgment entered,

after a bench trial, in favor of appellee, Deutsche Bank National Trust Company, as

Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1 (the "Bank"),

in its forcible-detainer action against Salmeron. In her sole issue, Salmeron contends that the justice court and county court lacked subject-matter jurisdiction over the Bank's forcible-detainer action.

We affirm.

## Background

On or about August 9, 2005, Salmeron executed a deed of trust for a property located at 7106 La Entrada Drive, Houston, Texas 77083 (the "property"). In connection with her purchase of the property, Salmeron executed a purchase money note (fixed rate–second lien) (the "note") in the amount of $18,800 as well as a purchase money security document (second lien) (the "deed"), in which MILA Inc., doing business as Mortgage Investment Lending Associates, is listed as the lender.[1] The record shows that through a series of recorded assignments, the deed was eventually assigned to the Bank. In a section titled "Acceleration and Remedies," the deed provides that:

> If the [p]roperty is sold through a foreclosure sale governed by this [s]ection, [Salmeron] or any person in possession of the [p]roperty through [her] will give up possession of the [p]roperty without delay. A person who does not give up possession is a holdover and may be removed by a court order.

After Salmeron defaulted on the note, the Bank, in July 2019, notified Salmeron that it had posted the property for a foreclosure sale.

---

[1]     Copies of the note and the deed are in the appellate record.

2

On August 1, 2019, Salmeron sued the Bank and a loan servicer in Fort Bend County district court,[2] alleging that she had "always made her payments" under the note "on time and in full." Yet, according to Salmeron, the loan servicer and the Bank had failed to properly apply Salmeron's payments to the note, failed to send a notice of default, failed to provide the opportunity to cure, and failed to send "a notice of intent to accelerate the debt, notice of acceleration of debt, and/or a notice of substitute trustee's sale." Salmeron alleged that the Bank had "wrongfully [sold the] property at [the] foreclosure sale" and had "violated [her] due process rights by posting [the] [p]roperty for foreclosure sale." Salmeron brought claims for wrongful foreclosure, breach of contract, fraud, conversion, and breach of fiduciary duty, and violations of the Texas Theft Liability Act,[3] the Texas Deceptive Trade Practices Act,[4] and the Texas Debt Collection Act.[5]

On October 31, 2019, in Fort Bend County justice court, the Bank filed its petition for forcible detainer. In its petition, the Bank alleged that it acquired the property at a substitute trustee's sale held at the Fort Bend County, Texas courthouse

---

[2] *See Lucy Salmeron v. Deutsche Bank Nat'l Tr. Co. & Franklin Credit Mgmt. Corp.*, Cause No. 19-DCV-265076, in the 458th District Court of Fort Bend County, Texas. Salmeron's district court suit was later removed to federal district court. A copy of Salmeron's original petition filed in Fort Bend County district court is in the appellate record.

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 134.001–.005.

[4] *See* TEX. BUS. & COM. CODE ANN. §§ 17.41–.63.

[5] *See* TEX. FIN. CODE ANN. §§ 392.001–.404.

door after posting all required notices. The Bank asserted that the substitute trustee held the foreclosure sale "by virtue of the powers and terms contained in a certain security instrument" and "thereafter, conveyed the [p]roperty by [s]ubstitute [t]rustee's deed to [the Bank]," as it was the highest bidder.[6] According to the Bank, after purchasing the property, the Bank "bec[a]me the landlord" and Salmeron "bec[a]me a tenant at sufferance." The Bank made a written demand for possession of the property, but Salmeron "refused . . . to comply with [the] demand and willfully h[e]ld[] over such premises from [the Bank]."[7]

The justice court signed a judgment for possession in favor of the Bank, which Salmeron appealed to the Fort Bend County county court for a trial de novo.[8] In the county court, Salmeron filed a combined plea to the jurisdiction, motion to dismiss, and answer. In the plea to the jurisdiction, Salmeron argued that she had filed an original petition in Fort Bend County district court challenging the Bank's claim to title to the property and the Bank's forcible-detainer action "raise[d] title as an issue" in the justice court and county court because Salmeron had asserted that "the [s]ubstitute [t]rustee's [d]eed held by [the] Bank [was] void" and she had given "notice that [suit was] pending in [district court] to set aside the non-judicial

---

[6]     The Bank attached the substitute trustee's deed to its petition.

[7]     The Bank attached its "Notice to Vacate" to its petition.

[8]     *See* TEX. R. CIV. P. 510.10.

4

foreclosure sale." And Salmeron argued that because of her pending district court suit, the "justice court or county court . . . [was] deprived jurisdiction until the resolution of [the] title dispute."

After a bench trial, the county court rendered judgment for possession in favor of the Bank. The county court ordered Salmeron to vacate the property and that a writ of possession issue in favor of the Bank if Salmeron did not vacate the property by a certain date.

## Jurisdiction

In her sole issue, Salmeron argues that the justice court and county court lacked jurisdiction over the Bank's forcible-detainer action because Salmeron's district court suit to determine title to the property had not been resolved.

Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012); *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 28 (Tex. App.— Houston [1st Dist.] 2016, pet. denied). If the trial court lacks subject-matter jurisdiction, an appellate court must reverse the trial court's judgment and dismiss the case. *Trimble*, 516 S.W.3d at 28.

A forcible-detainer action is designed to be a speedy, simple, and inexpensive means to determine the right to immediate possession of real property where there

is no claim of unlawful entry.[9]  *See Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006).  The only issue to be adjudicated is the right to actual possession.  TEX. R. CIV. P. 510.3(e).  To prevail in a forcible-detainer action when a property was purchased at a foreclosure sale, the plaintiff must prove that:  (1) the substitute trustee conveyed the property by deed to the plaintiff after the foreclosure sale; (2) a landlord-tenant relationship existed and the occupants became tenants at sufferance; (3) the plaintiff gave proper notice to the occupants that it required them to vacate the premises; and (4) the occupants refused to vacate the premises.  *See* TEX. PROP. CODE ANN. §§ 24.002, 24.005; *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446–47 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  Forcible-detainer actions cannot resolve any questions of title beyond the immediate right to possession.  *Trimble*, 516 S.W.3d at 28.

The mere existence of a title dispute, though, does not deprive a justice court of jurisdiction over a forcible-detainer action.  *See Villalon v. Bank One*, 176 S.W.3d 66, 70–71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("Forcible detainer

---

[9]  A forcible-detainer action is an eviction suit.  *See, e.g.*, *Bynane v. Guzman*, No. 01-16-00356-CV, 2017 WL 1089774, at *1 (Tex. App.—Houston [1st Dist.] Mar. 23, 2017, no pet.) (mem. op.) (explaining "an eviction suit" is "otherwise known as a forcible-detainer action"); *see also Eviction*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("The . . . process of legal dispossessing a person of land or rental property."); *Forcible entry and detainer*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A quick and simple legal proceeding for regaining possession of real property from someone who has wrongfully taken, or refused to surrender, possession.").

actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court."). The justice court "is only deprived of jurisdiction if the right to immediate possession necessarily requires the resolution of a title dispute." *Trimble*, 516 S.W.3d at 28 (internal quotations omitted); *see also Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) ("[I]f the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title."). Because a forcible-detainer action's purpose is not to establish title, a plaintiff bringing a forcible-detainer action is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Trimble*, 516 S.W.3d at 29.

A justice court in the precinct in which real property is located has jurisdiction over a forcible-detainer action. *See* TEX. PROP. CODE ANN. § 24.004(a); TEX. GOV'T CODE ANN. § 27.031(a)(2). After the justice court rules in a forcible-detainer action, that ruling may be appealed to the county court for a trial de novo. *See* TEX. R. CIV. P. 510.10. In an appeal of a forcible-detainer action, the county court's jurisdiction is usually confined to the jurisdictional limits of the justice court. *See Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.— Houston [1st Dist.] 2007, no pet.). And a justice court is expressly deprived of jurisdiction to determine or adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4)–(5).

A justice court can determine the right to immediate possession without quieting title to a property if the deed establishes a landlord-tenant relationship between the borrower and the purchaser of the property at a foreclosure sale. *See Villalon*, 176 S.W.3d at 71. "A provision in [a] borrower's mortgage creating a landlord-tenant relationship after a foreclosure sale satisfies" the requirement that a landlord-tenant relationship existed, and the occupants became tenants at sufferance. *Trimble*, 516 S.W.3d at 29. The existence of a landlord-tenant relationship between the purchaser at foreclosure and the current possessor of the property "provides a basis for the trial court to determine the right to immediate possession, even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title." *Id.* (internal quotations omitted). Here, then, if the Bank provided evidence of the existence of a landlord-tenant relationship between itself, as the purchaser at the foreclosure sale, and Salmeron, the current possessor of the property, the justice court would have had jurisdiction to determine the right to immediate possession, despite the existence of a title dispute.

After the Bank bought the property at the foreclosure sale and Salmeron did not surrender possession, Salmeron became a tenant at sufferance. *See* TEX. PROP. CODE ANN. § 24.002(a)(2) ("A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant at will or by sufferance . . . ."); *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417

8

S.W.3d 909, 915 (Tex. 2013) (defining "tenant at will" as "a holdover tenant who holds possession with the landlord's consent but without fixed terms (as to duration or rent)" and defining "tenant at sufferance" as "[a] tenant who has been in lawful possession of property and wrongfully remains as a holdover after the tenant's interest has expired" (alteration in original) (internal quotations omitted)); *see also Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App.—Dallas 2011, pet. denied) (deed of trust contained provision creating landlord-tenant relationship, which provided independent basis on which trial court could determine issue of immediate possession without resolving issue of title); *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 417–18 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (because deed of trust expressly created landlord and tenant-at-sufferance relationship between party holding possession of property and purchaser of property at foreclosure sale, it was unnecessary for trial court to determine issue of title before granting possession to purchaser).

The uncontroverted evidence in the record demonstrates the existence of a landlord-tenant relationship between the Bank and Salmeron, and that relationship provided the basis for the justice court to determine the right to immediate possession of the property, without regard to Salmeron's challenge to the validity of the foreclosure sale and the Bank's title to the property. *See Trimble*, 516 S.W.3d at

28. We therefore hold that the justice court and county court had subject-matter jurisdiction over the Bank's forcible-detainer action.

We overrule Salmeron's sole issue on appeal.

## Conclusion

We affirm the judgment of the county court.

Julie Countiss
Justice

Panel consists of Justices Kelly, Goodman, and Countiss.

10