**Affirmed and Memorandum Opinion filed April 26, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00015-CV

---

**ARTHUR SMITH, Appellant**

**V.**

**ROBERT WILLIAMS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1159831**

---

## MEMORANDUM OPINION

This is an eviction case that began in the justice court.[1] On trial de novo, County Court at Law No. 3 of Harris County rendered judgment for possession in favor of appellee Robert Williams ("landlord"). Appellant Arthur Smith ("tenant"),

---

[1] The Property Code uses the specific term "forcible detainer" to describe a tenant who once had lawful possession but later unlawfully refuses to surrender possession. Tex. Prop. Code. Ann. § 24.002. The Texas Rules of Civil Procedure use the term "eviction case" for all lawsuits to recover possession of real property under Property Code chapter 24. Tex. R. Civ. P. 510. In this opinion we primarily use the term "eviction case."

pro se, timely filed a notice of appeal.[2]

## Background

Landlord sued tenant for nonpayment of rent and possession in an eviction case in the justice court. *See* Tex. R. Civ. P. 510.3. The justice court rendered judgment for landlord for possession, and tenant appealed de novo to the county civil court at law.[3] Tex. R. Civ. P. 500.2 (f) (definition of "county court"); 510.8(b) (judgment for plaintiff), 510.10(c) (trial de novo in "county court"). The trial court held a bench trial, and both tenant and landlord testified.

According to landlord, he and tenant entered into an oral agreement to lease the commercial property located at 5311 Sonora Street. He could not remember the year that they entered into the agreement, but he recalled that they did so while they were standing outside the property some years before. According to landlord, after entering into the oral agreement, landlord gave tenant the keys to the property. Landlord testified that it was a month-to-month lease. He did not testify as to the agreed-upon monthly amount, but said that tenant usually "attempted to pay" $150 to $200 a month. Landlord explained that tenant used the property to operate a T-shirt printing business and there was a T-shirt printing machine at the property.

According to landlord, tenant stopped paying rent in July 2020. After tenant stopped rental payments, landlord prepared a notice to vacate. Landlord stated that he hand-delivered the notice to tenant's wife who answered the door at the time he delivered the notice. It is undisputed that tenant did not vacate the property upon

---

[2] As described below, appellant claimed that his wife was the proper party to the eviction case, not him. The county court at law found that appellant was the proper party, and we refer to him as "tenant."

[3] We refer to the County Civil Court at Law No. 3 as the trial court. *See* Tex. R. Civ. P. 506.3.

receipt of this notice. A copy of the notice was entered into evidence. Landlord stated that he was not seeking unpaid rent at the time of the bench trial, only possession of the property.

Tenant testified that the oral lease agreement was between tenant's wife and landlord. Tenant maintained that he was not the proper party to be sued. Furthermore, tenant explained the T-shirt printing company is his wife's business and he is her employee. Tenant confirmed that he hand-delivered his wife's monthly payments to landlord, but that he was only acting as the "delivery person of the payments."

Tenant, representing himself pro se, argued that the address at 5311 Sonora did not exist in the Harris County Appraisal District's records. In response, landlord stated that he converted the property located at 5309 Sonora into two parcels by building a wall and addressed the second parcel as 5311 Sonora. Landlord's counsel objected on the basis of relevance and, upon further questioning by the court, the objection was sustained.[4] The trial court asked tenant whether he was in possession of either 5309 or 5311 Sonora, to which he replied that only his wife was.

At the conclusion of the bench trial, the trial court rendered judgment granting possession to landlord. The judgment, signed December 12, 2020, orders "that a writ of possession may issue on or after December 21, 2020." The record reflects a writ of possession was issued by the county clerk on December 28, 2020. The record does not reflect that the writ was served. In his brief, landlord states

---

[4] No issue regarding the statute of frauds was raised in the trial court. *See* Tex. Bus & Com. Code Ann. § 26.01 (a)(5) (requiring lease of real estate for term longer than one year to be in writing and signed by person to be charged with promise or agreement or by someone lawfully authorized to sign for that person).

3

that the writ was served on January 26, 2021 and possession was returned to him.[5]

In his brief on appeal, tenant raises two discernable issues: (1) he is not the proper party to this suit because he did not have an agreement with the landlord and (2) there are no property records for the real property in dispute. We liberally construe these complaints in tenant's pro se brief as challenges to the sufficiency of the evidence. *See Locke v. Briarwood Village*, No. 14-17-00113-CV, 2018 WL 5621379 at *2 (Tex. App.—Houston [14th Dist.] Oct. 30, 2018, no pet.) (mem. op.).

## Standard of Review

In a legal sufficiency review, we credit favorable evidence if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *HNMC, Inc. v. Chan*, 637, S.W.3d 919, 937 (Tex. App.—Houston [14th Dist.] 2021, no pet.). Our task is to determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See City of Keller*, 168 S.W.3d at 827; *HNMC, Inc.*, 637 S.W.3d at 937. The factfinder is the sole judge of the credibility of the witnesses and is responsible for resolving any conflicts in the evidence, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *City of Keller*, 168 S.W.3d at 819–21.

In a factual sufficiency review, we consider and weigh all the evidence, and we will set aside the trial court's finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.

---

[5] Because possession of the property is not conclusively established in the record, this court will not undertake the mootness analysis typical in these cases. *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) (holding that when tenant has vacated premises at time of appeal, the appeal is rendered moot).

2001). As long as the evidence falls within the zone of reasonable disagreement, we cannot substitute our judgment for that of the factfinder. *City of Keller*, 168 S.W.3d at 822.

**Forcible Detainer**

The only issue in an eviction case is the right to actual immediate possession and not title. Tex. R. Civ. P. 510.3(e). To prevail in an eviction case, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Mendoza v. Bazan*, 574 S.W.3d 594, 602 (Tex. App.—El Paso 2019, pet. denied).

The elements of a landlord's cause of action for forcible detainer are: (1) a landlord-tenant relationship exists between the parties; (2) the tenant can be evicted because he is a holdover tenant, tenant at will, tenant at sufferance, or the tenant of a person who acquired possession by forcible entry; (3) the landlord made a proper demand for possession; (4) the period of time to vacate the property has expired; and (5) the tenant has refused to surrender possession to the landlord. Tex. Prop. Code Ann. § 24.002; *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446–47 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

**Analysis**

The only element disputed by tenant is whether a landlord-tenant relationship existed between him and landlord. Landlord testified that they entered into an oral agreement while standing outside the property and that he handed the keys to tenant. The trial court, as the sole judge of the credibility of the witnesses, found in favor of landlord on this element. While tenant disputes having an agreement, as an appellate court, we disregard contrary evidence unless a reasonable factfinder could not. In reviewing the record, it is reasonable to believe

5

that the trial court found landlord's testimony more credible than tenant's testimony.

Crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not, we conclude that the evidence would enable reasonable and fair-minded people to conclude that landlord was entitled to possession. Therefore, the evidence was legally sufficient. *See City of Keller*, 168 S.W.3d at 827. Furthermore, considering and weighing all of the evidence, we conclude that the evidence that landlord was entitled to possession is not so weak nor are the findings so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *See Francis*, 46 S.W.3d at 242. Therefore, the evidence is factually sufficient.

Accordingly, we affirm the judgment of the trial court.


PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.